**MARKHAM v. UNITED STATES.**

No. 6120.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1950.

Decided Oct. 10, 1950.

---

Harry P. Anderson, Jr., and W. R. Allcott, Richmond, Va., for appellant.

William B. Eley, Asst. U. S. Atty., Norfolk, Va., and George R. Humrickhouse, U. S. Atty., Richmond, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in a criminal case. Appellant was convicted of murder and sentenced to imprisonment for life. His guilt of the crime charged was established by circumstantial testimony and evidence of statements made in the hearing of prisoners with whom he was confined. The defense relied on in the court below was insanity, and this was fully and fairly submitted to the jury. The only question presented by the appeal is whether, upon the suggestion before trial that appellant was insane, the trial judge complied with the requirements of 18 U.S.C.A. § 4244. We think that he did.

It appears that on November 9, 1949, counsel for appellant moved that he be committed to an institution to be examined by competent psychiatrists for the purpose of determining his sanity. The United States Attorney joined in the motion and an order to that effect was accordingly entered. Appellant was committed to Saint Elizabeth's Hospital, Washington, D. C. for examination and the period of examination was extended at the suggestion of the superintendent of that institution in order that a thorough examination might be had. After an examination extending from November 14, 1949 to January 26, 1950, the superintendent of Saint Elizabeth's and another psychiatrist joined in a report finding that appellant was not insane at the time and was competent to consult with counsel in the preparation of his defense. Since it did not appear from the report of the psychiatrists that appellant was insane, it was not required by the statute that the court hold a hearing as to his mental condition at the time. Nevertheless, the trial judge made inquiry whether appellant desired a further hearing in the matter, and, being advised by his counsel that he did not, proceeded to find as a fact that appellant was competent to stand trial. It is true that appellant and his counsel thereafter stated in open court that they waived a hearing on insanity at that time; but this was a mere matter of supererogation. No such waiver was required to enable the court to proceed with the arraignment and trial after the examining physicians had reported appellant sane, especially as the court had been advised that no further hearing was desired on the matter and had made a finding of sanity based on their report.

There was no error and the judgment and sentence appealed from will be affirmed.

Affirmed.