**MARKHAM v. UNITED STATES.**

No. 6820.

United States Court of Appeals,
Fourth Circuit.

Argued June 15, 1954.

Decided Aug. 17, 1954.

Lawrence Augustine Markham, pro se.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

 This is an appeal from an order denying a motion under 28 U.S.C. § 2255 to set aside the judgment and sentence which was affirmed by this court on appeal in Markham v. United States, 4 Cir., 184 F.2d 512. Appellant, who was represented by counsel, was convicted under 18 U.S.C. § 1111 of murder committed on the Old Army Base in Norfolk, Virginia, government property which was transferred by the Army to the Navy in 1928 and later transferred from the jurisdiction of the Navy to that of the Maritime Commission. There was evidence on the trial tending to show that the crime was committed on this property; and the court could take judicial notice of its acquisition and of the exercise of jurisdiction over it by the Government of the United States. No question was raised on the trial as to the jurisdiction of the court to punish the crime, the sole question being as to whether or not appellant was insane. If there was any question as to whether the crime was committed within the jurisdiction of the court, this should have been raised upon the trial and decided there. In the absence of exceptional circumstances, which are not present here, it may not be raised by motion under 28 U.S.C. § 2255, which is available only where the sentence is void or otherwise subject to collateral attack. Taylor v. United States, 4 Cir., 177 F.2d 194; Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455.

██ If it in fact appeared that the United States had no jurisdiction over the Old Army Base, where the crime was

committed, we would unhesitatingly hold that this was such an exceptional circumstance as would justify an order vacating the judgment and sentence; but this is not shown. The ownership by the United States of the base was established on the trial by parol evidence without objection; and we think that proof in this manner was sufficient, in the absence of objection, as the case before the court was not one to try title to the property. Furthermore, appellant in his reply brief concedes that the title was acquired by the United States in the year 1919. There can be no question but that the State of Virginia has ceded to the United States jurisdiction to deal with crimes committed on such property. Virginia Code of 1919, secs. 19 and 19a, as amended by the Acts of Assembly of 1922, p. 657.

Appellant contends that the United States did not have jurisdiction because there is no showing of acceptance of jurisdiction by the United States as required by 40 U.S.C.A. § 255. The provision of that section creating the presumption against acceptance of jurisdiction was added, however, by the amendment of February 1, 1940 to section 355 of the Revised Statutes and applies only to lands thereafter to be acquired. 54 Stat. 19. As the Old Army Base was acquired in 1919 the provision relied on has no application to it, and acceptance of jurisdiction over it by the United States is presumed under the law then applicable. S. R. A., Inc. v. State of Minnesota, 327 U.S. 558, 563, 66 S.Ct. 749, 90 L.Ed. 851; Silas Mason Co. v. Tax Commission, 302 U.S. 186, 207, 58 S.Ct. 233, 82 L.Ed. 187; Benson v. United States, 146 U.S. 325, 330, 13 S.Ct. 60, 36 L.Ed. 991. It is not necessary to inquire whether the jurisdiction ceded by the State of Virginia was exclusive or concurrent nor which type of jurisdiction the United States accepted, since the provisions of 18 U.S.C. § 1111 were applicable in either case. 18 U.S.C. § 7(3).

Affirmed.