**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Eldon O'CONNOR, Defendant-**
**Appellant.**

**No. 14578.**

United States Court of Appeals
Sixth Circuit.

Jan. 4, 1962.

Thomas H. Crush, Cincinnati, Ohio (Appointed by the Court) Robert E. O'Connor, pro se, on brief, for appellant.

George E. Hill, U. S. Atty., Grand Rapids, Mich., for appellee.

Before MILLER, Chief Judge, CECIL, Circuit Judge, and DARR, Senior District Judge.

PER CURIAM.

After having been a fugitive from 1954, the appellant was brought into the District Court on August 18, 1958, on charges of causing forged checks to be moved in commerce, and sought to enter a plea of guilty. The District Judge would not accept the plea and appointed an experienced trial attorney to represent appellant and passed the case. On September 9, 1958, the appellant, by his attorney, interposed a motion on the claim that he was not mentally capable of making defense, seeking relief under the provisions of 18 U.S.C. section 4244. Thereupon the Court appointed a qualified psychiatrist to examine the appellant. The psychiatrist reported that the appellant was mentally competent to make his defense. On the request of appellant, his lawyer asked for another examination by a psychiatrist of his own choosing and the Court did appoint another psychiatrist, who also found and reported that appellant was mentally competent to advise counsel and to be tried. Thereafter, on November 12, 1958, the appellant pleaded not guilty and was duly tried upon the defense of

insanity at the time the offense was committed. Full proof was heard on this question and the jury returned a verdict of guilty. After due allocution the District Judge interposed a sentence.

Now comes the appellant with a motion to vacate the sentence claiming the right under the law as found at 28 U.S.C. section 2255.

 The appellant himself filed a brief on his own behalf and, as is expected in such cases, he raised many questions which go to the error in the trial and can only be raised by appeal. So far as can be told from his long and involved brief, the only question he might raise in this proceeding is that his attorney was inadequate.

He accepted the attorney; the Judge certified that the attorney was an experienced trial lawyer; and the record of the proceeding reveals that the attorney defended the appellant in a capable manner.

The court-appointed attorney, for the purpose of appeal, has been diligent and has done much research as reflected by his brief and oral argument.

The position of the defendant, through his court-appointed attorney, is that the District Judge abused his discretion when he determined that the appellant was mentally competent to advise his counsel and stand trial upon the findings of the psychiatrists and not having had the accused committed to a hospital for a reasonable time to determine his mental capacity. The position is ingenuous and sounds plausible on its face, but actually has no legal significance.

In this case the question presented by the appellant is not properly raised by this collateral attack. But even if the question could and should be considered, the District Judge was very careful to follow the statute going to the extent of appointing two psychiatrists, one of whom was selected by the appellant. The report of the psychiatrists show that they went into the full background of appellant's life, they observed and talked with him, and the District Judge was entirely within the statute and clearly fair in determining that appellant was fully competent to stand trial.

The rulings announced by this Court in Hill v. United States, 6 Cir., 223 F.2d 699, are applicable. It is, therefore, not needful to reiterate the legal principles upon which the conclusions herein are based.

The judgment of the District Court in denying the motion is affirmed.