**UNITED STATES of America**

v.

**Buel McFALLS (two cases).**

**Crim. A. Nos. 6838, 6843.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Oct. 21, 1965.

John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., John H. Reddy, U. S. Atty., Chattanooga, Tenn., of counsel, for plaintiff.

Lewis Merryman, Elizabethton, Tenn., of counsel, Street, Banks, Merryman & Musick, Elizabethton, Tenn., for defendant.

NEESE, District Judge.

This defendant appeared before the Court without counsel for arraignment in these actions on April 5, 1965. The Court's observation of the defendant in open court on that occasion resulted in a suggestion by the Court that the United States attorney move that Mr. McFalls be ordered examined by a psychiatrist. 18 U.S.C. § 4244. Following such order and examination and the receipt of the report of Dr. H. B. Dearman and a hearing on the defendant's competency to stand trial held on May 10, 1965, the Court committed the defendant to the Attorney General or his authorized representative until he was found to be mentally competent to stand trial or there was other disposition of these actions. 18 U.S.C. § 4246.

Following routine institutional surveys and examinations of the defendant at the Medical Center for Federal Prisoners, the psychiatric staff reported the opinion that the defendant's limitations were not sufficient to render him unable to understand the charges against him or to assist counsel in his defense. Thereupon, the defendant was returned to the jurisdiction of this Court for further hearing on his present competency to stand trial.

Counsel was appointed for the defendant under the provisions of the Criminal

Justice Act of 1964, and a further competency hearing was held before the Court on October 12, 1965. Following the testimony of Dr. Milton H. Buschman, a psychiatrist who had participated in the aforementioned institutional staff survey, the Court sought to resolve the conflicts in the medical opinions expressed, respectively, by Drs. Dearman and Buschman by ordering the defendant to be reexamined by Dr. Dearman in conjunction with Dr. Buschman the following day. A further hearing was held before the Court on October 15, 1965, at which both aforenamed psychiatrists testified. The Court then took the matter under advisement.

■ The Court must draw the distinction between any insanity which might preclude the defendant's responsibility for crime and the incompetency which precludes trial. 21 Am.Jur. (2d), 144, Criminal Law, Test of Capacity, § 63. The psychiatrists delved into the full background of the defendant, and each observed and talked with him. Cf. United States v. O'Connor, C.A.6th (1962), 298 F.2d 62, 63 [2, 3]. Their respective opinions are medical and constitute but one factor to be weighed in the necessary judicial determination. United States v. Sermon, D.C.Mo. (1964), 228 F.Supp. 972, 974.

■■ The question of whether the defendant is mentally competent to stand trial is a factual issue to be resolved by the Court. Hill v. United States, C.A. 6th (1955), 223 F.2d 699, 701 [1, 2]. The opinions of the aforenamed psychiatrists are merely advisory, although their findings should not be rejected arbitrarily or capriciously. 21 Am.Jur. (2d), supra, 153, § 69.

■ The test of the defendant's competency to stand trial is whether he now has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has rational, as well as the factual, understanding of the proceedings against him. Dusky v. United States (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, 825 (headnote 1); Feguer v. United States, C.A.8th (1962), 302 F.2d 214, certiorari denied (1962), 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110; cf. Smith v. United States, D.C.Cal. (1959), 174 F.Supp. 828, appeal dismissed (1959), C.A.9th (1959), 272 F.2d 228, certiorari denied (1960), 362 U.S. 954, 80 S.Ct. 868, 4 L.Ed.2d 871, rehearing denied (1960), 362 U.S. 992, 80 S.Ct. 1080, 4 L.Ed.2d 1024. This Court is of the opinion that this defendant now has such ability.

Accordingly, the clerk will set these actions for trial at the first convenient date or dates therefor, according these actions priority if the defendant is unable to post bail bonds for his appearance or appearances at such times.

The bail bond of the defendant hereby is set at $1,000 in each of these actions.