**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leo Kenneth GEIER and Bradley**
**Eugene Potts, aka Caveman,**
**Defendants-Appellants.**

**No. 74–1185.**

United States Court of Appeals,
Sixth Circuit.

Sept. 5, 1975.

H. Bradley Smith, Cincinnati, Ohio, for defendants-appellants.

Eugene E. Siler, Jr., U. S. Atty., Eldon L. Webb, R. Burl McCoy, Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellants Geier and Potts were convicted and sentenced to five years in the federal penitentiary for violation of the Dyer Act, 18 U.S.C. § 2312 (1970).

The record makes clear, and defendants' counsel at trial and defendants' counsel at appeal both concede that defendants did all of the acts which would represent violation of the Dyer Act in taking a car belonging to one Redding (after binding him up) and driving it across a state line. Defendants' defense is that they were part of a homosexual ring, of which Redding was also a part, and that by agreement they simulated the theft of his automobile so that Redding could recover insurance on it.

■ Redding's testimony at trial flatly disputed this defense. Additionally the government points to various bits of circumstantial evidence which tend to show that any such agreement on the part of Redding would have been illogical under the circumstances at the time. Viewing the facts from the point of view favorable to the government (*See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942)), we find no basis for setting aside the jury verdict.

Appellants, however, also contend that the District Judge committed reversible error when he denied appellants' pretrial suggestion for psychiatric examinations under 18 U.S.C. § 4244 (1970).[1] At the conclusion of trial, he did order the defendants committed to the federal hospital at Springfield, Missouri, for such examinations. On receipt of them he reduced both sentences; Geier to 36 months and Potts to 42 months. He also vacated the sentence entered against a third joint defendant in this case whom the Springfield psychiatrists found to be mentally incompetent.

As to this issue the government argued that no showing was made as to need for the psychiatric examination at the pretrial discussion and that the statute has been construed as placing no duty on the judge to order such an examination at that point without more reason to do so than an unsupported request.

The transcript of the oral motion made before trial and the subsequent colloquy and ruling follows:

THE COURT: Are the defendants ready to proceed?

MR. CRABTREE: May we approach the bench for a moment, Your Honor?

THE COURT: Yes, sir, come up, gentlemen.

(at the bench)

MR. CRABTREE: I really don't know where to start. This is going to be a rough case because my clients informed me or told me that they would like to have a psychiatric examination. I wanted to relate this to the Court. I didn't know about any such idea until about five minutes ago. I will say this, Your Honor, these are very unusual people. One cut his wrist all the way up to his elbow on both arms, Your Honor, in jail.

THE COURT: We can give that to them later, but I think that unless there is some basis that you are aware of where they are not able to communicate with you or they are not able to assist in the preparation of their defense or that you know of—

---

1. § 4244. *Mental incompetency after arrest and before trial.*

Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court, shall cause the accused whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury. 18 U.S.C. § 4244 (1970).

MR. CRABTREE: I think I have been able to explain to them the nature of it and I think that they have been, for the most part, able to tell me some of the facts. They differ on a lot of the facts and that has perhaps impeded me in the preparing of a defense.

THE COURT: Well, if all they have is their requests, I an going to overrule your request and try the case. Then, if anything develops that appears to warrant that, then, I would be willing to send them for an examination under 2244 or whatever it is— 4208 as an aid to sentencing if it goes sour. If it doesn't go sour, then they have no problem.

MR. CRABTREE: Okay, sir.

■ The test of competency to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). *See also Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

■ The statutory standard for granting a motion for psychiatric examination is, however, quite different. It is: "reasonable cause to believe that a person charged with an offense against the United States *may* be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." 18 U.S.C. § 4244 (1970) (Emphasis added.)

■ The Fifth Circuit's interpretation of this statute appears to us to be accurate and we adopt it:

Section 4244 provides for what is basically a three-step procedure. First, there must come to the attention of the court that there is "reasonable cause to believe that [the accused] *may be* * * * unable to understand the proceedings against him or properly to assist in his own defense," which lack of capacity may take the form of insanity or other mental incompetency. Normally the situation is brought to the attention of the court by motion, filed on behalf of the accused or by the United States Attorney, alleging the existence of "reasonable cause to believe" and setting out the grounds for such reasonable cause. Or the court may proceed on its own motion, in which instance it will, of course, already be possessed of information giving it "reasonable cause to believe."

Second, "upon such a motion . . the court shall cause the accused . . to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court."

Third, if the psychiatrist's report indicates lack of requisite competency, the court shall hold a hearing, with notice, at which there may be submitted evidence of the accused's mental condition, and shall make a finding with respect thereto.

*United States v. McEachern*, 465 F.2d 833, 836 (5th Cir.), *cert. denied*, 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972).

■ This, however, as the Fifth Circuit likewise pointed out (*Id.* at 837), does not automatically require an order for psychiatric examination on every unsupported suggestion of possible mental problems. *See Smith v. United States*, 400 F.2d 860 (6th Cir. 1968); *United States v. Wilkins*, 334 F.2d 698 (6th Cir. 1964).

■ In our instant appeal the colloquy upon which appellants now depend occurred at the point when the case was called for trial and when ordering a psychiatric examination would necessarily

have involved continuance. No actual motion for a psychiatric examination was ever made and, indeed, appellants' counsel agreed to the District Judge's suggestion of examination "as an aid to sentencing . . . if anything develops that appears to warrant that."

More important, however, to our ultimate result is the fact that appellants and appellants' lawyer did not contend that appellants were (in the language of the statute) "unable to understand the proceedings against [them] or properly to assist in [their] own defense." The lawyer's statement that "one cut his wrists all the way up to his elbow on both arms" may or may not refer to one of our current appellants, but it did not serve to suggest to the District Judge that appellants might not understand the charge or could not participate in their own defense.

Finally, we note that the District Judge did order posttrial psychiatric examinations of all three defendants, as he had indicated he would. Based on said examinations, he vacated one sentence and reduced the sentences of both appellants. We would not encourage such posttrial examinations as a substitute for the pretrial examination obviously contemplated by § 4244. But, under the peculiar circumstances of this case, we do believe that they served to protect against any prejudicial result. *See generally United States v. Collins*, 432 F.2d 1136 (7th Cir. 1970), *cert. denied*, 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed.2d 625 (1971); *Conner v. Wingo*, 429 F.2d 630, 639–40 (6th Cir. 1970), *cert. denied*, 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 121 (1972).

The facts in this appeal clearly do not approximate those in *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) or *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

The judgment of the District Court is affirmed.