UNITED STATES of America, Appellee,

v.

Clyde Arthur JINES, Appellant.

No. 76–1102.

United States Court of Appeals,
Eighth Circuit.

Submitted June 18, 1976.

Decided July 2, 1976.

James M. Martin and Mark R. Bahn, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty., and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, ROSS and STEPHEN-SON, Circuit Judges.

PER CURIAM.

Clyde Arthur Jines appeals his conviction on two counts of possession of an unregis-

tered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). We affirm.

The evidence shows that on April 29, 1975, two detectives of the St. Louis police department met the appellant Jines for the purpose of purchasing heroin. Jines could not contact his supplier at this time. The detectives left but returned approximately an hour later at which time Jines was observed with a sawed-off shotgun. One of the detectives purchased the firearm from Jines for $25.00.[1] Shortly thereafter, Jines contacted a heroin source. The appellant, the detectives, and a woman who was residing with Jines then drove to a location to meet the heroin source. One of the detectives gave Jines $160.00. Jines left with the money and returned some fifteen minutes later with a tinfoil packet containing heroin which he gave to one of the detectives.

Jines was arrested outside a methadone clinic in St. Louis on June 5, 1975. After the appellant voluntarily waived his rights, he admitted that he distributed the heroin and possessed and sold the sawed-off shotgun.

Before trial, the appellant's attorney filed a motion for a psychiatric determination of the appellant's mental competency to stand trial and his mental competency at the time of the offense. The motion was granted and Dr. Gary Kulak examined the appellant. Dr. Kulak's report indicated serious doubts as to the appellant's competency at the time of the offenses. Because it then appeared that sanity would be a contested issue at trial, the court ordered another examination of the appellant by Dr. Joseph Shuman "* * * to determine the defendant's criminal responsibility at the time of the offense."

At trial, Jines attempted to establish the defense of insanity. He offered the testimony of Dr. Kulak and a clinical psycholo-gist, both of whom testified that Jines was unable to conform his conduct to the standards imposed by law at the time of the offense because of his long dependence on drugs. The government offered the rebuttal testimony of Dr. Shuman, who indicated that Jines was able to conform his conduct to the standards imposed by law at the time of the offense. After due deliberation, the jury returned a verdict of guilty on both counts.

The appellant first argues that the admission of Dr. Shuman's testimony violated his rights under 18 U.S.C. § 4244 and the self-incrimination clause of the fifth and fourteenth amendments. We disagree.

■ Section 4244 does not apply to this case. Section 4244 authorizes a court to order a psychiatric examination only to determine a defendant's competency to stand trial, not an examination to determine a defendant's competency at the time of the offense. *United States v. Reifsteck*, 535 F.2d 1030, at 1033 (8th Cir., 1976). However, the court may order an examination to determine sanity at the time of the offense within its inherent power. *Id.*[2]

■ The order authorizing Dr. Shuman's examination was a permissible exercise of the court's inherent power and his testimony at trial was admissible. *United States v. Reifsteck, id.,* at 1033. After Dr. Kulak's report indicated that Jines was not competent at the time of the offense, it became apparent that the government would be forced to prove the appellant's sanity beyond a reasonable doubt at trial. An examination of the appellant was the only way to obtain this evidence. Therefore, the court was justified in ordering an independent evaluation of Jines. No self-incrimination violation occurred because Dr. Shuman did not testify at trial as to any statements made by Jines during the examination which related to guilt. *Id.,* at 1033–1034.

---

1. The parties stipulated that the firearm was in working order and that it was not registered to the appellant.

2. Fed.R.Crim.P. 12.2(c), effective December 1, 1975, specifically permits such an examination.

The appellant next argues that the trial court erred in denying his motion to sever the offenses or to require that the government elect to proceed on only one of the counts. We reject this contention.

Fed.R.Crim.P. 8(a) permits joinder of offenses if the offenses charged "* * * are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together * * *." Fed.R.Crim.P. 14 permits the court to order severance or election of offenses where it appears that a defendant is prejudiced by joinder of offenses. Severance is a matter committed to the sound discretion of the trial court and reversal is required only when clear prejudice is shown. *United States v. Sanders,* 463 F.2d 1086, 1089 (8th Cir. 1972).

The trial judge did not abuse his discretion in denying severance or refusing to require the government to prosecute only one of the offenses. *Cf. United States v. Begun,* 446 F.2d 32, 33 (9th Cir. 1971) (per curiam). Both offenses involved the sale of contraband and they were committed on the same day. The two detectives observed both transactions. Thus the proof of the offenses was overlapping to some extent.

Even assuming that joinder was erroneous, the appellant has not shown clear prejudice. The evidence of guilt on each count was strong. After the parties rested, the trial judge admonished the jury to consider each offense and the evidence applicable thereto separately.

The judgment of conviction is affirmed.