UNITED STATES of America, Plaintiff,

v.

Larry NICHOLS, et al., Defendants.

No. G87-18-04-Cr.

United States District Court,
W.D. Michigan.

June 3, 1987.

John A. Smietanka, U.S. Atty., Michael A. MacDonald, Asst. U.S. Atty., Grand Rapids, Mich., for plaintiff.

Martin F. Palus, Holland, Mich., for defendants.

OPINION

ENSLEN, District Judge.

On March 12, 1987, defendant Larry Nichols, together with the other defendants

in the above-captioned case, was indicted by a federal grand jury for the Western District of Michigan. The indictment charges one count of conspiracy and four counts of violations of the Weapons Registration and Sales Act. On March 30, 1987, defendant Nichols was arraigned before the Honorable Stephen W. Karr, United States Magistrate for the Western District of Michigan, at which time a plea of not guilty was entered. Defendant was then placed on bond.

The matter is presently before the Court on defendant Nichols' motion for a psychiatric examination to determine competency. In his prayer for relief, defendant also asks for a hearing to determine competency after the Court receives the psychiatric report.

In support of his motion, defendant relies on *United States v. Geier*, 521 F.2d 597 (6th Cir.1975). In *Geier*, the Sixth Circuit emphasized that the standard for granting a motion for psychiatric examination is different from the test of competency to stand trial. The Sixth Circuit went on to analyze the procedural steps accompanying the granting of a motion for a psychiatric examination as a prerequisite for the judicial determination of mental incompetency pursuant to a hearing after arrest and before trial under 18 U.S.C. § 4244 (current version of § 4241). *See* generally, chapter 313, Mental Defectives, 18 U.S.C. § 4241 *et seq.*[1]

Section 401 of the Comprehensive Crime Control Act of 1984 indicates that Title IV may be cited as the "Insanity Defense Reform Act of 1983" (hereinafter the "Act"). The Act amended 18 U.S.C. §§ 4241–4247 Pub.L. No. 98–473, 403(a), 98 Stat. 1837, 2057–68. For example, chapter 313 is now entitled "Offenders With Mental Disease or Defect." Section 4241 is presently captioned "determination of mental competency to stand trial." Analogues of the relevant provisions of section 4241 now under discussion, were formerly found in 18 U.S.C. § 4244, captioned "mental competency after arrest and before trial." It was the provisions found in § 4244 which the Sixth Circuit had occasion to discuss in *Geier*.

In *Geier*, the Sixth Circuit adopted the Fifth Circuit's interpretation of the provisions of § 4244 calling attention to the procedural steps involved in granting a defendant's post-arrest motion for a psychiatric examination prior to the court's determining the competency of a defendant to stand trial.[2] The Sixth Circuit reasoned that there is basically a three-step process involved in the proper application of [former] section 4244 [now § 4241(a)].

Chapter 313 of title 18 dealing with the procedures federal courts are to follow with respect to offenders suffering from a mental disease or defect has been significantly modified and its scope broadened since *Geier*. It was necessary to completely amend sections 4241 *et seq.* in part to accommodate a definition of insanity which significantly narrowed the definition that had been evolving in federal case law.[3]

---

1. Title IV of the Comprehensive Crime Control Act of 1984 amended various provisions of title 18, United States Code, and the Federal Rules of Civil Procedure relating to the insanity defense as well as the procedures to be followed in federal courts with respect to offenders who are or have been suffering from a mental disease or defect. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 235, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3404, 3417.

    Section 403 of Title IV completely amended chapter 313 of title 18 of the United States Code relating to the procedure to be followed by federal courts with respect to offenders who are currently suffering from a mental disease or defect, *Id.* at 3413.

2. With respect to the timing of the motion, under former section 4244, the motion could only

be made after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation. However, under section 4241(a), the motion may be made only after the commencement of a prosecution against the defendant and prior to the imposition of sentence. Under Section 4241(a) "commencement of the prosecution" allows the procedure to be set in motion at the earliest of the date of the actual arrest, or of the date of the filing of an information or the return of an indictment. *Id.* at 3416.

3. *See e.g. In re Newcurch*, 807 F.2d 404 (5th Cir.1986) (The Fifth Circuit noted that under prior law when a defendant indicated that he would rely on insanity as a defense, *the court had no statutory authority to order evaluations of insanity at the time of the offense under 18*

Under the new statutory scheme, motions for a psychiatric examination and motions for a hearing to determine the pre-trial competency of a defendant pursuant to § 4241 are still related, yet they now maintain more of an independent identity. Still, *mutatis mutandis*, the Sixth Circuit's three-part paradigm as set forth in *Geier* provides a useful analytical structure as well as practical guidance for the court in addressing motions for a psychiatric examination and a competency hearing.

Relying on *Geier*, defendant argues that when a motion is made for a psychiatric examination, the trial court *"should"* grant it if the standard set forth in the statute [18 U.S.C. § 4241(b)] is satisfied. Defendant's Brief at 2. Given the plain language of the statute, the Court notes that the defendant's operative word "should" is properly precatory since the mandatory "shall" has been deleted from the section with respect to psychiatric examinations.[4] While defendant has brought his motion for a psychiatric examination under § 4241(a), the *current* version of the relevant section, defendant relies upon the *Geier* court's analysis of *former* § 4244 for support.

Defendant has to some degree confused and conflated the current prerequisites which mandate that the Court grant a motion for a *competency hearing* with the former requirements for a motion of a *psychiatric examination*—the granting of the latter motion is now in the Court's discretion. Defendant's apparent confusion is understandable. While under the present statutory scheme defendant can make both

---

U.S.C. § 4244 (1982), but rather the court relied on its "inherent powers.")

The 1984 Act made insanity an affirmative defense and shifted the burden of proof to the defendant. Federal courts are given the power under 18 U.S.C. § 4247(b) (Supp. III 1985) not only to order an examination, but also to commit the defendant to the custody of the Attorney General for the purpose of undertaking the examination. Under the statutory scheme, the defendant must first provide notice that he is going to rely on an insanity defense. Then, upon the Government's motion, the court is *required* to order a psychiatric or psychological examination of the defendant. The report of the examination must be filed with the court pursuant to 4247(b) and (c). *See also United States v. Rosenheimer,* 807 F.2d 107 (7th Cir. 1986) (noting new federal insanity defense was enacted in the Insanity Defense Reform Act of 1984).

**4.** Of course, as the Court has indicated, where a defendant gives notice pursuant to Federal Rule of Criminal Procedure 12.2 that he is going to rely on a defense of insanity and makes a motion for a pretrial psychiatric or psychological examination pursuant to current § 4242(a), the court *is* required to order the examination of the defendant *upon the motion of the attorney for the Government.*

Further, former § 4244 provided only for an examination to determine whether a defendant was presently insane or otherwise so incompetent as to be unable to understand proceedings against him or to assist in his own defense. However, many courts indicated that a court has the inherent power to order an examination to determine mental competency as of the time of the offense charged as well as to determine his present mental competency. *See United*

States v. Reason, 549 F.2d 309 (4th Cir.1977); see also United States v. Reifsteck, 535 F.2d 1030 (8th Cir.1976).

Other courts, moreover, in examining the source of power for "dual purpose psychiatric examinations" pursuant to former section 4244, emphasized the difference between a psychiatric examination for the purpose of trial competency and one for purpose of criminal responsibility. *See e.g., United States v. Malcolm,* 475 F.2d 420 (9th Cir.1973). *United States v. Alvarez,* 519 F.2d 1036 (3d Cir.1975). *See also United States v. Jines,* 536 F.2d 1255 (8th Cir.1976), *cert. den.* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1976) (indicating that former § 4244 provides for psychiatric examination only for the purpose of determining trial competency, while under Federal Rule of Criminal Procedure 12.2 defendant can move for an examination to determine the defendant's competency at the time of the offense).

The present statute appears, at first blush, to resolve the statutory ambiguity with respect to the source of power in granting examinations when an insanity defense is at issue by birfurcating examinations for the purpose of determining the mental competency of a defendant to stand trial (18 U.S.C. § 4241), and examinations for the purpose of determining the existence of insanity at the time of the offense (18 U.S.C. § 4242). However, section 4242(a) must still be read in conjunction with Rule 12.2 as it is triggered by the filing of notice by defense counsel pursuant to Rule 12.2 that defendant intends to rely on a defense of insanity. Moreover, where the government does *not* make such a motion, the legislative history indicates that the court may still order an examination, in an appropriate case *under its inherent powers. See* S.Rep. No. 225, 98th Cong., 2d Sess. 239, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3421.

motions pursuant to 4241(a), the language of the statute makes those motions somewhat less interdependent than they were under the former scheme. For example, the statute indicates that a court may now consider the motion for a competency hearing prior to its taking up the motion for a psychiatric or psychological examination.

Moreover, because significant changes were made in chapter 313, pre-Act case law is not always on point in interpreting the new and/or the amended sections. Further, while a growing number of reported cases have noted that section 4241 *et seq.* was amended in 1984 by P.L. 98–473, few have carefully analyzed the differences in the amended section and none has had occasion to discuss the amended sections in the context of deciding motions to compel psychiatric testimony and/or motions for a hearing to determine competency.[5]

■ While section 4241(a) now *mandates* that the *court grant a motion for a hearing to determine competency if there is reasonable cause to believe that the defendant presently meets the statutory standard of incompetency*, it leaves it in the court's discretion whether or not to order a psychiatric or psychological examination prior to the hearing—even if the

court grants defendant's motion for a hearing to determine competency. The Court essentially agrees with defendant, however, that where the standard has been met, the court should, in most instances, order a psychiatric or psychological examination.

The legislative history to some extent clarifies the statutory language and supports the Court's analysis and conclusion. 18 U.S.C. § 4244 provides that the court is to hold a hearing if the report of the examining psychiatrist indicates a state of mental incompetency in the defendant. Section 4241(a) gives the court discretion to order a competency hearing to determine the mental competency of the defendant on its own motion or on the motion of the government or defense. Moreover, it is mandatory that the court order a hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Thus, unlike present Federal law, section 4241(a) permits the court to order*

---

5. *See e.g., United States v. Oren,* 622 F.Supp. 936 (W.D.Mich.1985). (In *Oren,* the jury found the defendant guilty of three counts of violating the federal income tax laws. Prior to sentencing, defendant made a motion for new trial which raised, for the first time, the issue of defendant's past and/or present competency to stand trial. I ordered an independent psychiatric evaluation pursuant to 18 U.S.C. §§ 4241 and 4247(b)(c). Further, I made a retrospective competency determination but did not discuss any of the changes in the 1984 amendments—including the change which now made a 4241 psychiatric examination discretionary). *See also United States v. Birdsell,* 775 F.2d 645 (5th Cir.1985) (noting defendant moved for a *competency hearing* pursuant to § 4241(a) [formerly § 4244] but offering no discussion or analysis of statutory changes brought about by P.L. 98–473. The Fifth Circuit did, however, analyze the trial judge's substantive decision determining competency pursuant to new § 4241(d)); *United States v. Percy,* 765 F.2d 1199, 1202 (4th Cir.1985) (noting that § 4244 had been amended but analyzing district court's pre-amendment ruling on motion for a psychiatric examination in context of former § 4244); *United States v. Baker,* 807 F.2d 1315 (6th Cir.1986) (discussing the four

month commitment limitation of section 4241(d) without commenting on former statutory scheme); *Edwards v. United States,* 795 F.2d 958 (11th Cir.1986) (noting without comment sections redesignated by 1984 amendments). *But see United States v. Cheama,* 783 F.2d 165 (10th Cir.1986) (The 1984 amendments became effective during the pendency of the criminal trial. The Tenth Circuit held that the district court mistakenly entered its final order with respect to a commitment hearing under the authority of former section 4247 which had been amended and redesignated as section 4246 three months earlier); *see also United States v. Turner,* 602 F.Supp. 1295 (S.D.N.Y.1985) (In applying statutory test to determine competency to stand trial, the court noted that the 1984 amendments changed section 4244 by shifting burden of proof in competency hearing from Government to defendant. While recognizing the basic similarity between former section 4244 and current section 4241, the court declined to make a determination under current 4241 where the psychiatric report and hearing were held before the 1984 amendments went into effect, but the competency motion was fully submitted only two months after the amendments became effective).

*that a hearing be held prior to a psychiatric or psychological examination if the requisite finding can be made. However, the Committee contemplates that a psychiatric examination will be routine in virtually all cases in which the court is required to hold a hearing, and although discretion to hold the hearing without a psychiatric examination is provided, the court may not abuse this discretion and refuse to order an examination where the facts warrant an examination.* (footnote omitted) (emphasis added).

See S.Rep. No. 225, 98th Cong., 2d Sess. 235, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3416–3417.

Section 4241(a) currently states that "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." The statute further mandates that "[t]he court *shall grant the motion,* or *shall order such a hearing on its own motion, if there is reasonable cause* to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See* 18 U.S.C. § 4241(a) (emphasis added).

Accordingly, the first step in determining whether a competency hearing is *mandated* in any given case now requires that it come to the attention of the court that there is *"reasonable cause* to believe that [the defendant] may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature

and consequences of the proceedings against him or to assist properly in his defense." (emphasis added). The defendant's situation may be brought to the court's attention by the filing of a motion by the defendant or the United States Attorney. In the alternative, the court may order a hearing *sua sponte.*[6]

The second step appears to be within the court's discretion and provides that "prior to the date of the hearing, the court *may* order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c) [18 U.S.C. § 4247(b), (c)]." *See* 18 U.S.C. § 4241(b) (emphasis added).[7]

Under the former scheme, a psychiatric examination was mandated upon a showing of reasonable cause. *See Stewart v. United States,* 214 F.2d 879 (D.C.Cir.1954). *But see United States v. Ives,* 574 F.2d 1002 (9th Cir.1978) (holding mere filing of a first § 4244 motion gives moving party right to psychiatric examination of defendant; trial court does not have discretion to deny examination of first motion on ground that there is no reasonable cause to believe defendant incompetent). Still, even under the former scheme which mandated a psychiatric examination upon "reasonable cause," the question of a defendant's competency to stand trial was made by the court with the advice of the psychiatrist. *See e.g. United States v. McFalls,* 247 F.Supp. 439 (D.C.1965).

When a section 4241(a) psychiatric or psychological examination is ordered, section 4247(b) indicates that the [defendant] may be committed to be examined for a reasonable period not to exceed thirty (30) days. However, in the context of a § 4241 commitment, the director of the facility may apply for a reasonable extension, but

---

**6.** Under the pre-Act version of § 4244, once the motion was filed, the court was mandated to have the accused examined as to his mental condition by at least one qualified psychiatrist.

**7.** Again, under former § 4244, the third step determined that if the psychiatrist's report indicated that the defendant fit the requisite statutory definition of incompetency, the court was

mandated to hold a hearing at which evidence with respect to the defendant's mental condition was presented. The psychiatrist's report was also allowed to be presented at the hearing. Following the presentation of evidence, the court was required to make a finding with respect to the defendant's mental condition.

not to exceed fifteen (15) days upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant. Section 4247(b) further provides that unless impracticable, the psychiatric or psychological examination must be conducted in the suitable facility closest to the court.

When a psychiatric or psychological report is ordered pursuant to 4241(a), section 4247(c) mandates that the report be filed with the court and copies provided to counsel for the person examined as well as copies to the attorney for the Government.[8]

Under the former scheme, the trial court was not required to hold a hearing if the psychiatric examination indicated that the defendant was competent. *See e.g., Formhals v. United States,* 278 F.2d 43 (9th Cir.1960); *see also Markham v. United States,* 184 F.2d 512 (4th Cir.1950), *cert. den.,* 340 U.S. 936, 71 S.Ct. 480, 95 L.Ed. 676 (1951). On the other hand, if the psychiatric report indicated a lack of competency, the court was required to hold a hearing. *See e.g., United States v. McEachern,* 465 F.2d 833, 836 (5th Cir.), *cert. denied,* 409 U.S. 1043, 93 S.Ct. 539, 34 L.Ed.2d 494 (1972). *But see United States v. Makris,* 535 F.2d 899 (5th Cir.1976), *reh. den.,* 540 F.2d 1086 (5th Cir.1976), *and cert. den.,* 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803 (1977), *reh. den.,* 431 U.S. 909, 97 S.Ct. 1707, 52 L.Ed.2d 394 (1977).

As we have seen, under the new Act a hearing is mandated upon the showing of "reasonable cause." The competency hearing is conducted pursuant to section 4247(d) which provides defendant with a full panoply of due process protections. Following the hearing, if the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court must commit the defendant to the custody of the Attorney General. The Attorney General is then required to hospitalize the defendant for treatment in a suitable facility—

1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed; or

2) for an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or

(B) the pending charges against him are disposed of according to law: whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the trial to proceed, the defendant is subject to the provisions of section 4246 [18 U.S.C. § 4246]. *See* 18 U.S.C. § 4241(d).

In sum, it appears that pursuant to 18 U.S.C. § 4241(a) the Court is now *required to grant a motion for a hearing* to determine competency if there is reasonable cause to believe that the statutory standard with respect to competency has been satisfied.[9]

---

**8.** The legislative history indicates that the reference to psychiatric or psychological reports being sent to the *counsel* for the defendant rather than directly to the defendant has a purpose. The reports are sent directly to counsel for the defendant so that counsel may use his discretion in determining whether it would be appropriate or useful for the defendant to see the report. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 235, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3417 n. 47.

**9.** The Court notes that § 4245 addresses motions to determine the present mental condition of imprisoned persons and is similar to § 4241(a), (b). Section 4245(a) indicates that once a motion for a hearing is made [in this case the triggering event is the government's filing of a motion for a hearing at the request of the facility's director following the prisoner's objections to transfer to a suitable facility], the court *must order a hearing* to determine the present mental condition of the defendant. Section 4245(b) indicates that it is then within the court's *discretion* to order that the defendant be examined by a qualified psychiatrist or clinical psychologist. When a psychiatric examination

Under the former scheme, 18 U.S.C. § 4244 mandated a *psychiatric examination* upon a showing of "reasonable cause." Further, if the psychiatrist's report indicated a state of present incompetency as defined by the statute, the court was then required to hold the competency hearing. Still even under the former statutory scheme, courts clearly held that not all assertions of possible incompetence constituted reasonable cause. The determination of reasonable cause was left to the discretion of the district court. *Cf. e.g., United States v. Morgan,* 559 F.2d 397 (5th Cir. 1977), *cert. den.* 435 U.S. 926, 98 S.Ct. 1493, 55 L.Ed.2d 520 (1978), *reh. den.* 435 U.S. 1018, 98 S.Ct. 1892, 56 L.Ed.2d 398; *see also United States v. Rovetuso,* 768 F.2d 809 (7th Cir.1985) (holding that defense counsel's unsworn statements of defendant's "incompetency" in motion to compel a psychiatric examination failed to set forth reasonable cause for the examination; trial court indicated that defense counsel should have presented detailed assertions in affidavit form).

Still, the court believes that the plain language of the statute mandates that it grant a motion for a hearing to determine competency *once it finds reasonable cause to believe that the statutory standard has been met.* Nevertheless, it is clear that the court exercises that same broad scope of discretion in the context of granting a motion for a hearing pursuant to current 18 U.S.C. § 4241 that it once exercised in the context of determining whether a showing of reasonable cause mandated a psychiatric examination pursuant to former § 4244. *See e.g., United States v. Clark,* 807 F.2d 412 (5th Cir.1986) (noting hearing is not always required under § 4241(a)); *United States v. Vamos,* 797 F.2d 1146 (2d Cir. 1986) (noting discretion to hold a hearing is with the district court); *United States v. Cruz,* 805 F.2d 1464 (11th Cir.1986) (Defendant offered psychiatric testimony with respect to defendant's post-Viet Nam stress syndrome. The court held that no

hearing was required pursuant to § 4241(a) to determine defendant's fitness to stand trial in that defendant had failed to establish bona fide doubt as to his competency. The court found that the psychiatric testimony was speculative and based on single interview with defendant, the psychiatrist did not have the benefit of previous medical or psychiatric records, and the only effect of the alleged syndrome was memory lapse).

All that remains is to examine the facts of this case in order to determine whether the standard for granting a motion to determine competency as set forth in § 4241(a) has been met.

█ Defendant has made his motion for a *competency examination* and hearing pursuant to 18 U.S.C. § 4241. Martin F. Palus, counsel for the defendant, has provided the Court with a four-page, detailed affidavit in which Mr. Palus attests, among other things, that defendant fails to respond normally to discussions of his risk concerning the charges against him; that his statements to the Assistant United States Attorney have caused the United States Attorney to also believe that defendant's attitude is "bizarre"; that a psychiatric counselor has been treating the defendant for severe depression including suicidal ideation; that defendant indicates that he does not seem able to decide what to do or to do anything to assist himself in daily living. The Court believes that Mr. Palus's detailed affidavit is precisely what the trial court was requesting in *Cruz.*

In addition, in its response to defendant's motion for competency examination, counsel for the Government indicates that based upon his personal observation and contact with defendant Nichols, he believes there is reasonable cause to believe that defendant Nichols may not be able to understand the proceedings against him and assist in his own defense. *See* Government's Response to Defendant's Motion for Competency Examination at ¶ 2.

or report is ordered pursuant to § 4245, however, the defendant may also request the court to designate an additional examiner selected by the defendant. The time limits applicable to the

examination are identical to those contained in section 4241. *See* S.Rep. No. 225, 98th Cong. 2d Sess. 348, *reprinted in* 1984 U.S.Cong. & Ad. News 3430–3431.

The Court finds that Mr. Palus's affidavit establishes that there is "reasonable cause to believe that [the defendant] may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Accordingly, the Court believes that pursuant to section 4241(a) it must hold a hearing to determine whether the defendant, Larry Nichols, is competent to stand trial. The Court further believes that it will be assisted at that hearing by a psychiatric examination of the defendant. Therefore, the Court will grant defendant's motion for a psychiatric examination pursuant to § 4241(b). Further, pursuant to § 4247(b) the Court will indicate that the examination will be conducted at a suitable facility closest to the Court. The order will further indicate that the commitment is for the purpose of examining and evaluating defendant Larry Nichols to determine his competency to stand trial and should not exceed thirty (30) days unless, the Director of that facility indicates that a reasonable extension is necessary. Pursuant to § 4247(b), that extension, in any case, is not to exceed fifteen (15) days.

Pursuant to § 4247(c) the psychiatric report shall be filed with the Court and copies of that report will be provided *counsel* for the defendant and the attorney for the Government. The report will include:

1) the defendant's history and present symptoms;

2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

3) the examiner's findings; and

4) the examiner's opinions as to diagnosis, prognosis, and—

[pursuant to 4241(a)] an opinion whether the defendant is suffering from a mental defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(c).

The date of the hearing to determine competency will be set by the Court after it receives the psychiatric report.

Finally, because the Court has granted defendant's motion for a psychiatric examination and competency hearing, the Court finds that defendant has also shown good cause to grant his motion for an enlargement of time within which to file pre-trial motions. The Court will set a date for the filing of pre-trial motions at the conclusion of the competency hearing, provided, of course, that the defendant is found competent to stand trial. Finally, defendant's Motion to Disclose Informant's Identity is stayed pending the outcome of the competency hearing.