UNITED STATES of America

v.

Van JOHNSON, Jr.

CR. No. 90-196-S.

United States District Court,
M.D. Alabama, S.D.

June 18, 1993.

James Eldon Wilson, U.S. Atty., Louis V. Franklin, Sr., Asst. U.S. Atty., for U.S.

Phyllis J. Logsdon, Dothan, AL, for Van Johnson, Jr.

## ORDER

MYRON H. THOMPSON, Chief Judge.

This cause is before the court on the government's request to revoke defendant Van Johnson, Jr.'s conditional release and to remand Johnson to a suitable facility pursuant to 18 U.S.C.A. §§ 4241–4247 (Offenders with Mental Disease or Defect). Based on the evidence presented, the court finds that Johnson's continued release would create a substantial risk of bodily injury to another person due to a present mental disease or defect and that, as a result, Johnson's conditional release should be revoked and he should be remanded to the custody of the Attorney General for placement in a suitable facility.

### I.

On July 15, 1991, this court accepted Johnson's plea of "not guilty only by reason of insanity" to a one-count indictment charging him with the robbery of a federally-insured financial institution in violation of 18 U.S.C.A. § 2113(a). After holding a hearing pursuant to 18 U.S.C.A. §§ 4243 & 4247(d), the court released Johnson under a number of conditions, including: that Johnson participate in day treatment and psychiatric treatment at the South Central Alabama Mental Health Facility; that he participate in ongoing assessment, treatment and evaluation by a treatment provider at the mental health facility; that he comply with the prescribed regimen of medical, psychiatric or psychological care and treatment as set forth by his treatment provider; and that he reside with his parents. The court premised its release of Johnson on its finding that, under these conditions, the release would not create a substantial risk of bodily injury to another person or serious damage to the property of another.

In June 1993, the government requested that the court revoke Johnson's conditional release and remand Johnson to a suitable facility. Johnson himself has also requested that he be remanded to a suitable facility. Pursuant to 18 U.S.C.A. § 4243(g), the court held a hearing on June 15, 1993. At that hearing, Johnson's attorney submitted to the court an affidavit from Johnson's treatment therapist. In the affidavit, the therapist stated that Johnson has become agitated and unable to rest; that he has recently been provoked by his uncle and by another mental health client; and that he has experienced severe nightmares in which he injured his father. Johnson himself testified that he is concerned that he might injure his father. Johnson's treatment therapist believes that Johnson may injure his father and possibly other members of his family if his release is continued. Johnson's therapist further testified that, due to an adverse reaction, Johnson is no longer able to take some medications which were necessary to continue Johnson on conditional release and that this fact may be contributing to his problems. The premise upon which Johnson was released—that his release created no substantial risk of bodily injury to others—is therefore no longer true.

### II.

18 U.S.C.A. § 4243(g) provides that a conditionally discharged person shall be remanded to a suitable facility if, "in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." Johnson has failed to comply with the prescribed regimen of medical treatment. Admittedly, his failure is not willful in that his failure is due to a physical inability to take certain medications. However, it is not necessary that the failure to comply be willful. The purpose of the hospitalization provisions in the insanity law is not to punish the defendant based on culpability but rather to assure that a person who has entered an insanity plea poses no significant threat to society. The provisions were intended to supplement state civil commitment procedures, which Congress found, for various reasons, were often unavailable for federal defendants "who are acquitted solely by reason of insanity and who are presently dangerous." S.Rep. No. 98–225, 98th Cong., 2d Sess. 241 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3423. The court therefore finds that Johnson's failure to comply with the prescribed regimen requires

that his conditional release be revoked and that he be remanded to a suitable facility.

In addition, even if a person has complied with the prescribed regimen, his continued release might still be inappropriate. Subsection (f) of § 4243, which provides for conditional release, allows conditional release only if the court finds that conditional release under a prescribed regimen of medical treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. Subsection (f) further provides that the court may modify the regimen of treatment at any time. And Subsections (f) and (g) provide for the revocation of release and the remand of the person to a suitable facility for treatment and care if a person fails to comply with the prescribed regimen but that the hospitalization may continue only until the person's release, or conditional release under a prescribed medical regimen, would again no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.

Together, these provisions in § 4243 require that a court monitor and modify the conditions of release—and, after revocation, of re-release—that it has established in order to provide *continuing assurance* that a conditionally released person is not presently dangerous and thus does not pose a threat to society. *Cf. United States v. Clark,* 893 F.2d 1277, 1282 (11th Cir.1990) (referring to "the trial judge's awesome responsibility to the public to ensure that a clinical patient's release is safe"). Implicit in this continuing obligation is the authority of the court to revoke a conditional release and to remand the released person to a suitable facility for care and treatment if, for whatever reason, the current regimen of medical or psychiatric treatment is no longer adequate and it does not appear that the regimen can be modified in a way to assure that continued release would not create a substantial risk of bodily injury to another or serious damage to the property of another. As explained above, no regimen of medical and psychiatric care can assure that Johnson's continued conditional release would not create a substantial risk of bodily injury to his father and other family members.

Accordingly, for the above reasons, it is ORDERED:

(1) That, pursuant to 18 U.S.C.A. §§ 4243(f) & (g), the conditional release of defendant Van Johnson, Jr., ordered on July 31, 1991, is revoked;

(2) That defendant Johnson is remanded to the custody of the Attorney General of the United States or her representative for placement in a suitable facility pursuant to 18 U.S.C.A. § 4243(e); and

(3) That, pursuant to 18 U.S.C.A. § 4243(f), the Director of the facility in which defendant Johnson is placed shall forthwith notify the clerk of this court when defendant Johnson has recovered from his mental disease or defect to such an extent that his release, or conditional release under a prescribed medical regimen, would no longer create a substantial risk of bodily injury to another or serious damage to the property of another.

The court recommends that defendant Johnson be placed in a facility as close as possible to his parents' home in Enterprise, Alabama.