**UNITED STATES of America,**

v.

**Van JOHNSON, Jr.**

No. 90–196–S.

United States District Court,
M.D. Alabama,
Southern Division.

Oct. 23, 1997.

James Eldon Wilson, Asst. U.S. Atty., Louis V. Franklin, Sr., Asst. U.S. Atty., for U.S.

Phyllis J. Logsdon, Dothan, AL, William R. King, Federal Defender, Montgomery, AL, for Defendant.

### ORDER

MYRON H. THOMPSON, Chief Judge.

This matter is before the court on the United States Probation Office's petition for termination of conditional release and for full and unconditional discharge of defendant Van Johnson, Jr., who previously entered a plea of "not guilty by reason of insanity." The petition presents two issues: the first (which is, surprisingly, not explicitly addressed in the applicable federal statutes or in any published case law) is what are the legal standards for discharge of a defendant who was previously placed on conditional release based on a plea of "not guilty by reason of insanity"; and the second is whether Johnson meets these standards. A hearing was held before the court on these issues on October 22, 1997.

### I.

The background of this case is as follows. In July 1990, Johnson was indicted on one count of bank robbery, 18 U.S.C.A. § 2113(a). In February 1991, this court found Johnson mentally incompetent to stand trial, and ordered him hospitalized at the Federal Correctional Institute at Butner, North Carolina.

In June 1991, the court found Johnson competent to stand trial, and in July of that year the court accepted his plea of "not guilty only by reason of insanity." Pursuant to the provisions of 18 U.S.C.A. § 4243, Johnson was released under certain conditions mandating a specific regimen of medical, psychiatric and psychological treatment, including the taking of prescribed medications. The court ordered Johnson's conditional release in light of its finding by clear and convincing evidence that such release would not create a substantial risk of bodily injury to another person or serious damage to the property of another.

In June 1993, on the government's motion, this court revoked Johnson's conditional release and remanded him to the custody of the Attorney General for placement in a suitable facility. *United States v. Johnson,* 824 F.Supp. 198 (M.D.Ala.1993). At that time, the court found that Johnson's continued release would create a substantial risk of bodily injury to another person, because Johnson's medical treatment was hindered by adverse reactions he was having to certain medications, and because a concern had arisen that Johnson may harm members of his family.

Johnson's condition subsequently improved, and the court ordered his conditional release from the federal medical facility in March 1994, on another finding that such a release would not create a substantial risk of bodily injury to another person or serious damage to the property of another. The conditions of release were similar to those imposed in 1991, but with an adjustment in Johnson's medication.

On July 30, 1997, the United States Probation Officer informed the court by memorandum that it recommended the termination of Johnson's conditional release based on the opinion of the staff psychiatrist overseeing Johnson's treatment that he would not pose a threat to others or others' property, provided that he continue to take his medication and receive counseling. The Probation Officer also noted that had Johnson been convicted of the crime with which he had been charged and had he received the maximum applicable sentence, his term of imprisonment and supervised release would have ended by July 1997. On October 2, 1997, the Probation Officer petitioned the court to terminate Johnson's conditional release on these bases, and the court held a hearing on the matter on October 22, 1997.

At the hearing, the Probation Officer reiterated his reasons for recommending that the court terminate its supervision of Johnson, and Johnson submitted as evidence on his behalf a letter from the staff psychiatrist stating that Johnson has experienced no problems since his conditional release in 1994 and that he foresees no threats to others or the property of others, provided that Johnson adheres to his prescribed treatment plan. Johnson also submitted a sworn affidavit by his mental health counselor to the same effect. The government does not oppose the Probation Officer's recommendation.

## II.

There appears to be no specific statutory provision directly addressing the legal standards required for the discharge and the termination of the conditional release of a defendant who has pled not guilty only by reason of insanity, such that all supervision by the court ends. Nor do any published cases address this specific issue. Nonetheless, 18 U.S.C.A. § 4243, which governed all previous determinations made in this case regarding Johnson's conditional release, does seem applicable here. Subsection (e) of this provisions provides as follows:

"(e) Determination and disposition.—If, after the hearing [pursuant to §§ 4243(c) and 4247(d), to determine the present mental condition of a person found not guilty only by reason of insanity], the court fails to find by the standard specified in subsec-

tion (d) of this section that the person's release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect, the court shall commit the person to the custody of the Attorney General. The Attorney General shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility until—

(1) such a State will assume such responsibility; or

(2) *the person's mental condition is such that his release,* or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, *would not create a substantial risk of bodily injury to another person or serious damage to property of another;*

whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment."

(emphasis added). Thus, this provision contemplates that the court may unconditionally release a person after determining, pursuant to a hearing, 18 U.S.C.A. §§ 4243(c) & 4247(d), and by clear and convincing evidence, § 4243(d), that the person's mental state is such that unconditional release would not create a substantial risk of bodily injury to another person or serious damage to the property of another.

Subsection (f) of this provision, pertaining to discharge from hospitalization of a person found not guilty only by reason of insanity, lends additional support to the conclusion that the court may unconditionally release Johnson upon a finding that such a release would not create a risk to others or others' property:

"(f) Discharge.—When the director of the facility in which an acquitted person is hospitalized pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment.... The court shall order the discharge of the acquitted person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by the standard specified in subsection (d) that the person has recovered from his mental disease or defect to such an extent that—

(1) *his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged;* ...

The court at any time may, after a hearing employing the same criteria, modify or *eliminate* the regimen of medical, psychiatric, or psychological care or treatment."

18 U.S.C.A. § 4243(f) (emphasis added).

Thus, given the foregoing provisions, the court concludes that it may eliminate the conditions governing Johnson's release (that is, make his release unconditional and discontinue his supervision by the court), if the court concludes, based upon clear and convincing evidence, that such unconditional release would not create a substantial risk of bodily injury to another person or serious damage to the property of another.

### III.

■ Based upon the evidence before it, the court finds that Johnson has indeed continued to abide by all conditions imposed on his release, and further, pursuant to the provisions of 18 U.S.C.A. § 4243 cited above, the court finds by clear and convincing evidence that the termination of Johnson's supervision by the court will not create a substantial risk of bodily injury to another person or serious damage to the property of another. Accordingly, the court concludes that Johnson's conditional release is due to be terminated, and that he is to be released in full.

However, the court also recognizes the significant potential threat Johnson may pose if he does not continue to adhere to the treatment regimen prescribed by the mental health authorities. Consequently, at the hearing the court questioned Johnson's parents, with whom he resides, to ascertain how they have been ensuring that he maintains his treatment plan and regularly takes all prescribed medications, and whether they would continue to monitor his treatment after he is released from the court's supervision. Additionally, the court inquired into whether Johnson intends to remain at home with his parents, and whether arrangements would be made to place him in a group home approved by the appropriate mental health authorities should he move away from his parents' home. Based upon the parents' assurances at the hearing that they would continue to monitor Johnson's treatment and would ensure that any new residence for Johnson is approved by the appropriate authorities, as well as a statement that the parents have signed to this effect, the court is satisfied that Johnson's release will not pose any threat to the community. The court notes, however, that the responsibility accepted by Johnson's parents is considerable, and must not be taken lightly.

Accordingly, it is ORDERED as follows:

(1) That the United States Probation Office's petition for termination of conditional release and for full and unconditional discharge of defendant Van Johnson, Jr., filed on October 2, 1997, is granted;

(2) That the conditional release of defendant Johnson, originally imposed by the court on July 31, 1991, and re-imposed on March 22, 1994, is terminated;

(3) That defendant Johnson is released and discharged in full; and (4) That counsel for defendant Johnson is directed to personally deliver a copy of this order to the parents of defendant Johnson, and to counsel

them regarding their responsibilities as set forth herein.