JOHN SISLER

*v.*

RAYMOND E. HAWKINS,

PATRICIA ANN HAWKINS,

AND VICTOR SOLOMON

(No. 13515)

Decided July 29, 1975.

*Brent E. Beveridge* for appellant.

SPROUSE, JUSTICE:

This is an appeal by Victor Solomon, hereinafter referred to as appellant, from a judgment of the Circuit Court of Monongalia County in an action instituted by John Sisler, plaintiff, against Solomon and Raymond and Patricia Hawkins, defendants. The trial court overruled the appellant's motion to set aside the verdicts and vacate the judgments in favor of the plaintiff and Raymond Hawkins and Patricia Hawkins, defendants and cross-complainants, and to grant the appellant a new trial. No appearance on behalf of the plaintiff or cross-complainants was made on the appeal of this case.

The plaintiff instituted the action to recover monetary damages and to obtain a mandatory injunction requiring the removal of a landslide which obstructed a private road that provided access to the plaintiff's property. All of the parties to this action had an easement to use the private road. Raymond Hawkins and Patricia Hawkins filed a cross-claim against appellant Solomon,

seeking damages for the obstruction of the road and the negligent use of the road by Solomon. The case was tried before the trial court without a jury.

At the beginning of the trial, counsel for the appellant, who had been retained by the appellant's insurance carrier, informed the court that several days before a dispute had arisen between counsel and the appellant. Counsel then moved to withdraw as counsel of record because of the appellant's alleged failure to cooperate in the preparation of his defense.

At that point, the appellant stood up and attempted to address the court. The court refused, however, to allow the appellant to speak and informed him that he should speak only through his attorney. When the appellant stated that he had no attorney and attempted to explain the difficulty with his insurance carrier's counsel, the court interrupted and informed the appellant that he should sit down.

After opening statements were made by counsel for the other parties, the appellant again attempted to address the court. The court informed the appellant that unless he sat down he would be held in contempt of court, and the trial proceeded.

During the direct examination of the plaintiff, the appellant attempted a third time to address the court. He stated that he was being denied the right to represent himself. At that time, the court held the appellant in contempt and ordered the deputy to remove him from the courtroom. He was placed in jail and the trial proceeded without him. The court did not rule on the counsel's motion to withdraw from the case until the completion of evidence. The attorney representing appellant's insurance carrier remained in the courtroom and cross-examined witnesses, although he did not present any evidence on behalf of the appellant.

It appears from the testimony at the trial that the appellant operated a commercial garbage dump at the end of a private road. In order to improve the maneu-

verability of large trucks which used this road to dump their garbage, the appellant attempted to widen the road with a bulldozer and a road grader. Moreover, the evidence reflected that many trucks had trouble backing in to dump the garbage because the road was so narrow. As a consequence, these trucks frequently struck the bank with their bumpers. It was clear from the evidence that the parties who had used the private road prior to the commencement of the appellant's commercial garbage dump operation had experienced no major difficulty with the hillside slipping onto the road.

The plaintiff also accused the cross-complainants, who lived immediately above the slide area, of negligently operating a septic tank which increased the flow of water on the hillside and contributed to the landslide.

The plaintiff testified that he lived next to the cross-complainants, and that the only ingress and egress to his home was over the private road. As a result of the landslide, he and his ex-wife, who was living with him, had suffered great inconvenience because they had to walk up the hill to their home. The plaintiff, a garbage collector, testified that, since he was unable to dump his garbage at the end of the road, he had to drive a considerable distance to reach another site. Based on an increased cost of $5 per trip, he testified he had lost approximately $750 as a result of the landslide. Mrs. Wilvia Norberg, the ex-wife of the plaintiff, testified that, as a result of the road being in disrepair, she tore the muffler off her car and sustained $132 in damages.

The only other witness for the plaintiff was Dr. Van Eck, a professor of soils at West Virginia University. He testified that on his first visit to the site, he concluded that the slide occurred primarily because of the improper use of heavier pipe which was installed by the cross-complainants in their septic system. He stated that this caused a considerable amount of water to flow through the hillside. According to his testimony, he was later informed by the Health Department that heavier pipe

had not been used. As a result of this information, he again visited the site and determined that the slide was caused by disturbances at the lower end of the hillside. He stated that his investigation on the second visit showed less water flowing from the hillside than there had been before the new septic system had been installed.

The cross-complainants testified that they had spent $1,295.96 grading another road to their property. In addition to this expense, Raymond Hawkins testified that he thought he had been damaged approximately $2,000 as a result of the inconvenience caused by the closing of the road.

The trial court made the following findings of fact: The plaintiff and cross-complainants were entitled to the use of the easement; the road was blocked by earth slippage; the cross-complainants were not negligent in their installation of their septic system; the slide was caused solely by the acts of the appellant in altering the route of the private road and in allowing others to use the private road in an unreasonable manner which diminished the lateral support of the hillside and caused it to slide.

The court dismissed the plaintiff's action against the cross-complainants, but held that the appellant was liable to the plaintiff in the amount of $882, a figure apparently derived by combining the $750 business loss and the $132 in damages to Mrs. Norberg's car. The court granted the plaintiff a mandatory injunction against the appellant requiring him to remove the obstruction to the private road.

The cross-complainants were awarded $3,295.96, which apparently was the cumulative amount of the cost of grading the new road to their home and the $2,000 that Hawkins testified to as damages for his inconvenience and personal labor.

The appellant relies on the following assignments of error in his brief: (1) The appellant was deprived of due

process of law in that he was not allowed to represent himself at the trial; (2) the evidence showed that any damage to the road was the result of the use of big trucks by the appellant's licensees and that he was not liable for such tortious acts of his licensees; (3) the expert testimony of the plaintiff's witness was based upon hearsay information and was inadmissible as competent evidence; (4) the damages awarded to the plaintiff were without sufficient basis in law and fact; and (5) the damages awarded to cross-complainants were speculative and without basis in law and fact.

It is clear that the appellant has not had his day in court and has not been afforded due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 10 of the Constitution of West Virginia. The appellant stated to the court that he had no attorney representing him on the morning the case was called for trial. He stated he desired to represent himself and that the court denied him the right to defend himself. The appellant was placed in jail for contempt of court and did not take part in the trial of the case. No witnesses testified for the appellant and the appellant did not testify in his own behalf.

It was held in *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64, that the essential elements of due process of law are notice and an opportunity to be heard. This principle is clearly stated in point 2 of the syllabus of the *Simpson* case in the following language: "The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard." The right of natural persons to prosecute or defend their own actions was recognized in the case of *West Virginia State Bar v. Earley*, 144 W. Va. 504, 109 S.E.2d 420.

In the case of *Fillippon v. Albion Vein Slate Company*, 250 U.S. 76, the Supreme Court of the United States held that due process of law under the Federal Con-

stitution requires that a defendant be accorded the right to be present in person or by counsel at every stage of his trial. See also, *Arrington v. Robertson*, 114 F.2d 821 (3rd Cir).

Since the appellant's due process rights have been violated, it is not necessary to consider in great detail the numerous other errors committed in the trial of this case. It is obvious, however, that the second assignment of error is without merit. The evidence shows that the appellant used a bulldozer to widen the road—a factor which was at least partially responsible for the damages in the removal of earth causing the slippage on the private road. He was also responsible for the use of large trucks over the private road. See, *Cole v. Signal Knob Coal Company*, 95 W. Va. 702, 122 S.E. 268.

The trial court, however, committed error with regard to the admission of hearsay evidence by the expert witness. While an expert witness may express an opinion based on facts testified to at the trial, he may not base his opinion upon conclusions or inferences drawn by witnesses or other individuals. The general rule with regard to this matter is stated in 31 Am. Jur. 2d, *Expert and Opinion Evidence*, § 42 as follows:

> "The opinion of an expert cannot be based either in whole or in part upon the opinions, inferences, and conclusions of other witnesses, although he may express an opinion based upon facts testified to, or upon a test made, by another expert witness. Reports and examinations of others, upon which expert testimony is predicated, are subject to close scrutiny by the courts, and, if the reports or examinations are found to contain opinions, inferences, or conclusions, the expert testimony is generally excluded. * * *"

See also, *Cline v. Evans and Tallman*, 127 W. Va. 113, 31 S.E. 681; *Bowen v. City of Huntington*, 35 W. Va. 682, 14 S.E. 217.

The plaintiff, Sisler, was awarded damages in the amount of $882, of which $132 was for damages done to

an automobile owned by Mrs. Wilvia Norberg. Since Mrs. Norberg was not a party and made no claim of damages against the defendant—there is no conceivable theory under which this could be a proper award of damages.

The cross-complainants were awarded damages in the amount of $3,295.96. The sum of $1,295.96 represented the cost of constructing an alternate route to their property. $2,000 was awarded by the court on a general statement by Hawkins that he was inconvenienced in that amount. This is the grossest kind of speculation and conjecture and cannot support an award of damages. *Spencer v. Steinbrecher*, 152 W. Va. 490, 164 S.E.2d 710; *Konchesky v. S. J. Groves and Sons Co.*, 148 W. Va. 411, 135 S.E.2d 299. We said in point 1 of the syllabus of the *Spencer* case as follows: "The general rule with regard to proof of damages is that such proof cannot be sustained by mere speculation or conjecture."

For reasons stated in this opinion, the judgment of the Circuit Court of Monongalia County is reversed, the verdicts are set aside, and the case is remanded for a new trial.

*Judgment reversed;*
*verdicts set aside;*
*new trial awarded.*