299 S.E.2d 23

**STATE ex rel. Cheryle THOMAS**

v.

**Honorable Jack NEAL, Judge, Magistrate Court, etc.**

**No. 15647.**

Supreme Court of Appeals of West Virginia.

Dec. 15, 1982.

John Paul Kemp, West Virginia Legal Services, Huntington, for relator.

John L. Cummings, Pros. Atty., Huntington, for respondent.

HARSHBARGER, Justice.

Relator Cheryle Thomas seeks a declaratory judgment and writ to prohibit Magistrate Neal from entering any judgments against her based on service of process by posting alone.

Ms. Thomas' landlord filed a complaint for possession and past-due rent on June 7, 1982. The sheriff's return of process indicated service was achieved by posting a copy of the summons and complaint on her door.* She never received these papers and consequently never answered or appeared, prompting the magistrate to enter a default judgment.

On or about August 14, 1982, Ms. Thomas found a Writ of Possession posted (or attached) to her apartment door. She moved the magistrate court on August 17 to vacate the judgment for lack of notice and simultaneously came to us to get a stay and a writ to prohibit the magistrate from acting on the default judgment and writ of possession.

Magistrate Neal confessed error in his answer to her petition. We grant her writ.

On May 17, 1982 the United States Supreme Court in *Greene v. Lindsey*, 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249, 255, decided that notice by posting alone in Kentucky forcible detainer actions did not meet minimum due process standards because it was not "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action", citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). That court recognized the significant interests of tenants in their property, the frequency that notices were removed from apartment doors, the state's failure to make even a second attempt at personal service and the probability that an inexpensive, efficient procedure like notice by mail in addition to posting would "enhance the reliability of an otherwise unreliable notice procedure." *Greene v. Lindsey, supra*, 456 U.S. at 454-455, 102 S.Ct. at 1880, 72 L.Ed.2d at 258.

The *Greene v. Lindsey* rule clearly applies to Ms. Thomas' mimical facts. It is interesting that even appellants in *Greene v. Lindsey* recognized that Kentucky law required personal service for actions to recover past-due rent, but distinguished that particular detainer action from suits for rent because it only sought repossession of the premises. Justice Brennan's majority opinion eschewed distinctions between actions *in rem* and *in personam* for ascertaining whether a particular form of notice was adequate.

Both federal and state due process clauses require that a party to a law suit be afforded adequate notice and a realistic opportunity to be heard in his own defense. *Greene v. Lindsey, supra; Shaffer v. Holbrook*, 346 F.Supp. 762 (S.D.W.Va.1972); Syllabus Point 1, *Sisler v. Hawkins*, 158 W.Va. 1034, 217 S.E.2d 60 (1975); Syllabus Point 2, *Gavenda Bros., Inc. v. Elkins Limestone Co.*, 145 W.Va. 732, 116 S.E.2d 910 (1960). Issuing a writ of possession against a tenant who had no opportunity to be heard because there was no notice reasonably calculated to reach him, is the type of evil we sought to eliminate in *State ex rel. Payne v. Walden*, 156 W.Va. 60, 190 S.E.2d 770 (1972):

> When one is deprived of a right, it matters not that the deprivation is minimal. A restriction of a property right,

---

* Service of process in magistrate court is governed by W.Va.Rules of Civil Procedure, Rule 4. W.Va.Code, 50-4-4. Rule 4(d)(1)(A) controls service on resident individuals:

"(d) *Process; personal or substituted service.* —... Personal or substituted service shall be made in the following manner:

"(1) Individuals.—Upon an individual other than those described in paragraphs (2), (3) and (4) of this subdivision, (A) by delivering a copy of the summons and of the complaint to him personally, or, if he be not found, by delivering a copy of the summons and of the complaint at his usual place of abode to a member of his family above the age of 16 years and giving to such person information of the purport of the summons and complaint; or, if no such person be found there and the individual to be served be not found, by posting a copy of the summons and of the complaint at the front door of such usual place of abode; ...."

temporarily or permanently, is nevertheless a prohibited curtailment of a right protected by the Constitution when such is accomplished *without notice* or hearing, absent a showing of a special or extraordinary State or creditor interest. *Id.*, at Syllabus Point 2 (emphasis supplied).

We have drafted herein a new service of process rule amending W.Va. Rules of Civil Procedure, Rule 4(d), that meets due process requirements, and will, when this opinion is filed, make an appropriate order initiating procedures to promulgate it. W.Va. Code, 51–1–4.

### DRAFT AMENDMENT TO WEST VIRGINIA RULES OF CIVIL PROCEDURE RULE 4(d)

(d) *Process; personal or substituted service.*—Personal or substituted service of process shall be made by delivering, or both mailing and posting within the State a copy of the summons and of the complaint together, in the manner prescribed in this subdivision. In any action in which there are unusually large numbers of defendants the court upon motion may order that the complaint need not be served on the defendants. The plaintiff shall furnish the person making service with such copies of the complaint or order as are necessary. Personal or substituted service shall be made in the following manner:

(1) Individuals.—Upon an individual other than those described in paragraphs (2), (3) and (4) of this subdivision,

(A) By delivering a copy of the summons and of the complaint to him personally; or

(B) If he be not found after due diligence, including at least one attempt at personal service during working and one attempt during non-working hours,

(i) By sending a copy of the summons and complaint by registered or certified mail, return receipt requested, restricted delivery to addressee only, with instructions to forward, to his usual place of abode or usual place of business, and posting on the front door of his usual place of abode; or

(ii) By delivering a copy of the summons and of the complaint at his usual place of abode to a member of his family above the age of 16 years residing therein, and giving to such person information of the purport of the summons and complaint, and mailing copies of the same by certified or registered mail as in subparagraph (B)(i) to his usual place of abode; or

(C) By delivering a copy of the summons and of the complaint to an agent or attorney-in-fact authorized by appointment or by statute to receive or accept service of process in his behalf.

(2) Infants and Incompetents Under 14 Years.—Upon an infant if he be less than 14 years of age, or upon an incompetent if he be less than 14 years of age, by delivering a copy of the summons and of the complaint to his guardian or committee resident in the State; or, if there be no such guardian or committee, then to either his father or mother if they be found. If there is no such guardian or committee and if the father or mother cannot be found, service of process shall be made upon a guardian ad litem appointed under Rule 17(c). But if any of the persons upon whom service is directed to be made by this paragraph is a plaintiff, then service shall be upon the person who stands first in the order named in this paragraph who is not a plaintiff.

(3) Infants and Incompetents 14 Years or Older.—Upon an infant or incompetent 14 years of age or older, by making service as provided in paragraph (2) above, and in addition by making service upon the infant or incompetent as provided in paragraph (1) above.

(4) Convicts.—Upon an incarcerated convict, by delivering a copy of the summons and of the complaint to his committee resident in the State; or, if there be no such committee or if the committee is a plaintiff, service of process shall be made upon a guardian ad litem appointed under Rule 17(c).

The default judgment is vacated. Proceedings against Ms. Thomas are prohibited until she is properly served.

Writ granted.