**UNITED STATES of America, Plaintiff,**

v.

**Robert A. CLOSSON, Defendant.**

**Civ. A. No. 86–0003–C.**

United States District Court,
N.D. West Virginia,
Clarksburg Division.

July 14, 1986.

William A. Kolibash, Wheeling, W.Va., for plaintiff.

## ORDER

MAXWELL, Chief Judge.

It appearing that there had been no answer or other responsive pleading filed in the above-styled civil action within the time allotted under the Federal Rules of Civil Procedure, the Court, by its order entered June 12, 1986, directed the United States to file a written statement indicating whether or not further prosecution of this action is desired. On June 27, 1986 the government responded by filing its Response To Court Order and by tendering its Request For Entry Of Default and Judgment along with supporting affidavit to the Clerk of Court. The Clerk of the Court is directed to file these latter papers and make them a part of the record of this civil action.

In its response to the Court's Order the United States by Assistant United States Attorney Martin P. Sheehan indicated that following the filing of this action on January 3, 1986 the United States attempted to serve Defendant by United States Mail pursuant to Rule 4(c)(2)(C)(ii), Fed.R.Civ.P. Assistant United States Attorney Sheehan indicates that on May 9, 1986, there having been no response from Defendant, the United States requested the United States Marshal to make service at 946 Vista Lane, Fairmont, West Virginia. In his affidavit submitted in support of his request for entry of default Mr. Sheehan asserts "[t]hat service of the Complaint was made on May 21, 1986, on the defendant."

The record in this civil action reflects that on January 30, 1986 the United States Marshal filed a return herein which indicates that attempts were made to personally serve Defendant at the above-referenced address on five occasions, but that, having found no one at the residence on those occasions, the United States Marshal made service on the last of these occasions "by posting on the front door of residence at 946 Vista Lane, Fairmont, West Virginia" on January 29, 1986 at 9:30 A.M.

The record further reflects that on May 23, 1986 the United States Marshal filed a subsequent return in this civil action which indicates that after unsuccessful attempts had been made to serve someone at the residence located at 946 Vista Lane, Fairmont, West Virginia, service was made upon Mrs. Edith Closson on May 21, 1986 at 3:15 P.M. at Union Mission, Fairmont, West Virginia which the marshal, upon information provided, has indicated is her place of employment. From the notations made upon the Marshal's return it appears that Mrs. Closson is the defendant's mother and that she lives at 946 Vista Lane, Fairmont, West Virginia. Additional notations on the return indicate that Mrs. Closson remarked to the marshal that her son was working somewhere in Maryland, that he does stay at her house when he is in Fairmont, but that he does not live there with her.

The Federal Rules of Civil Procedure do not provide for service of process by posting; however, Rule 4(c)(2)(C)(i), Fed.R.Civ.P., indicates that service upon an individual may be had in accordance with the law of the state in which the district court is held. West Virginia Rule of Civil Procedure 4(d)(1)(A) does provide for individual service of process by posting a copy of the summons and of the complaint at the front door of his usual place of abode if the individual or other qualified individual can not be found there. However, the West Virginia Supreme Court of Appeals has held that service of process solely by posting summons and complaint at the front door of a defendant's usual place of abode is not reasonably calculated to apprise a party of the pendency of an action, and does not meet due process standards. *State ex rel. Thomas v. Neal,* 299 S.E.2d 23 (W.Va.1982).

Rule 4(d)(1), Federal Rules of Civil Procedure, provides for individual service of process "by leaving copies [of the summons

and the complaint] at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein;" however, the record does not reflect that service has been made in the manner required by the above-referenced rule.

The multiple efforts at service made on behalf of the United States (*i.e.*, by mail, by posting, and by service upon a relative at her place of employment) could, perhaps in a compelling case, be construed to be reasonably calculated to give a defendant adequate notice and a realistic opportunity to be heard in his own defense as contemplated by the reasoning of *Thomas;* however, the facts of this case do not warrant such a construction.

It appearing that there has not been adequate service of process in the above-styled civil action, the United States shall within twenty (20) days from the date of the entry of this order accomplish service of process upon Defendant herein in accord with the Federal Rules of Civil Procedure.

It is so ORDERED.