# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2022 Term**

_____

No. 20-0706

_____

FILED

**June 14, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA,**
Plaintiff Below, Respondent,

**V.**

**SCOTTY JOSEPH BYERS,**
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Wood County
The Honorable Jason Wharton, Judge
Criminal Action No. 19-F-125

**VACATED AND REMANDED WITH INSTRUCTIONS**
_____

Submitted: May 3, 2022
Filed:  June 14, 2022

Graham B. Platz, Esq.
Crystal L. Walden, Esq.
Public Defender Services
Charleston, West Virginia
Attorneys for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Andrea Nease Proper, Esq.
Assistant Attorney General
Scott E. Johnson, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for the Respondent

JUSTICE BUNN delivered the Opinion of the Court.

JUSTICE ARMSTEAD dissents and reserves the right to file a dissenting opinion.

**SYLLABUS BY THE COURT**

1.      "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

2.      "Due process of law as guaranteed by the State and Federal Constitutions requires that a party be accorded the right to be present in person or by counsel during all trial proceedings." Syllabus point 2, *Sisler v. Hawkins*, 158 W. Va. 1034, 217 S.E.2d 60 (1975).

3.      A defendant has a due process right to be present at all critical stages of a criminal proceeding pursuant to Article III, Section 10 of the West Virginia Constitution and the Fifth Amendment of the United States Constitution.

4.      "[West Virginia Code] 1931, 62-3-2 requires that one accused of a felony shall be present at every stage of the trial during which his interest[s] may be affected; and if anything is done at trial in the accused's absence which may have affected him by possibly prejudicing him, reversible error occurs." Syllabus point 3, *State ex rel. Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975).

i

5.     A defendant has a due process right to be present at the imposition of sentence pursuant to Rule 43(a) of the West Virginia Rules of Criminal Procedure, West Virginia Code § 62-3-2 (1923), and both Article III, Section 10 of the West Virginia Constitution and the Fifth Amendment of the United States Constitution. This general rule is limited by the exceptions in Rule 43(b) and (c) of the West Virginia Rules of Criminal Procedure.

6.     "This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred." Syllabus point 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991).

7.     Upon a defendant's timely objection, compelling a defendant to appear by video conference, rather than in person, at the imposition of sentence violates that defendant's right to be present at a critical stage of the criminal proceedings.

8.     "[A]n accused, by declaration and conduct, may waive a fundamental right protected by the Constitution [such as the common-law/statutory right of presence] if it is demonstrated that such waiver was made knowingly and intelligently." Syllabus point 7, in part, *State ex rel. Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975).

9.     When there has been a violation of a defendant's due process right to be present at sentencing pursuant to Article III, Section 10 of the West Virginia

Constitution, such violation is reversible error unless the State can prove beyond a reasonable doubt that the violation was harmless.

**Bunn, Justice:**

Petitioner Scotty Joseph Byers ("Mr. Byers") appeals from the August 14, 2020 sentencing order of the Circuit Court of Wood County. On June 4, 2020, the circuit court held a sentencing hearing, with Mr. Byers and his counsel participating by video conference. During the hearing, Mr. Byers was sentenced on his convictions, pursuant to a plea agreement, of three counts of failure to register as a sexual offender and one count of fleeing from an officer. At the outset of the hearing, Mr. Byers, through counsel, informed the circuit court that he objected to appearing by video conference and wished to appear at his sentencing hearing in person. The circuit court noted the objection, overruled it, and proceeded to conduct the sentencing hearing with Mr. Byers and his counsel participating by video conference. On appeal, Mr. Byers contends that the circuit court erred in failing to allow him to be physically present for his sentencing hearing in violation of his right to be present at the imposition of his sentence pursuant to Rule 43 of the West Virginia Rules of Criminal Procedure, West Virginia Code § 62-3-2 (1923), and both the West Virginia and United States Constitutions.

Upon careful consideration of the briefs submitted on appeal, the appendix record, the parties' oral arguments, and the applicable legal authority, we find that Mr. Byers's right to be present at the imposition of his sentence was violated, and, under the circumstances of this case, this violation was not harmless error. Consequently, this Court vacates the circuit court's August 14, 2020 sentencing order and remands this matter to the circuit court to hold a sentencing hearing consistent with the principles set forth herein.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

In May 2019, a Wood County grand jury indicted Mr. Byers on two counts of failure to register as a sexual offender,[1] second offense, and one count of failure to appear[2] as required for a preliminary hearing in Wood County Magistrate Court.[3] In February 2020, Respondent State of West Virginia ("the State") filed an information charging Mr. Byers with an additional count of failure to register as a sexual offender, first offense, and one count of fleeing from an officer on foot.[4] The State and Mr. Byers then entered into a plea agreement whereby Mr. Byers pleaded guilty to (1) two counts of failure to register as a sexual offender, first offense, as lesser included offenses to counts one and three of the indictment; (2) one count of failure to register as a sexual offender, first offense, as charged in the information; and (3) one count of fleeing from an officer on foot as charged in the information. In exchange, the State agreed to (1) dismiss one count of failure to appear as contained in the indictment, (2) not prosecute Mr. Byers for any additional failure to register offenses occurring before the entry of the plea, and (3) not prosecute Mr.

---

[1] *See* W. Va. Code § 15-12-8(c) (2006). The counts of failure to register as a sexual offender stem from Mr. Byers's 2002 Wood County conviction for third-degree sexual assault, which required lifetime registration as a sexual offender.

[2] *See* W. Va. Code §§ 62-1C-17b(a) and (b) (1984).

[3] This preliminary hearing was in reference to Case No. 18-M54F-00524, which appears from the record to relate to a charge for failure to register as a sexual offender.

[4] *See* W. Va. Code § 61-5-17(d) (2019).

Byers for a pending but unrelated charge of possession with intent to distribute. Mr. Byers further agreed to pay restitution as determined by the circuit court and to be forthright and truthful regarding "all inquiries made pursuant to [the] agreement." There were no agreements as to sentencing. The circuit court held a change of plea hearing wherein it accepted Mr. Byers's guilty pleas as outlined above. At the conclusion of the hearing, Mr. Byers moved the circuit court to grant him alternative sentencing. The court took the motion under advisement.

Following the acceptance of Mr. Byers's pleas, the circuit court scheduled his sentencing hearing for April 22, 2020; however, the sentencing hearing was postponed due to the COVID-19 global pandemic. On May 6, 2020, the circuit court entered an order relying on the judicial emergency orders entered by this Court,[5] and held that "in

_____

[5] On March 16, 2020, this Court issued an administrative order directing the state courts to, except for emergency matters, hold hearings remotely through telephonic or video technology, if appropriate, or to postpone all hearings until after April 10, 2020, due to public safety concerns about COVID-19. *See* Supreme Court of Appeals of West Virginia, Administrative Order (Mar. 16, 2020). Then, on March 22, 2020, we issued another administrative order declaring a judicial emergency from March 23, 2020 through April 10, 2020, "to protect the health and well-being of [C]ourt employees, litigants, witnesses, jurors, attorneys, and the general public[.]" *See* Supreme Court of Appeals of West Virginia, Administrative Order, *Re: Judicial Emergency Declared* (Mar. 22, 2020). This administrative order set forth certain guidelines as to how court proceedings should be handled during the judicial emergency. *Id.* On April 3, 2020, this Court amended the March 22, 2020 administrative order and extended the judicial emergency through May 1, 2020. *See* Supreme Court of Appeals of West Virginia, Administrative Order, *Re: Judicial Emergency Declared, Amended Order* (Apr. 3, 2020). A final amended order was issued on April 22, 2020, which extended the judicial emergency once more through May 15, 2020. *See* Supreme Court of Appeals of West Virginia, Administrative Order, *Re: Judicial Emergency Declared, Second Amended Order* (Apr. 22, 2020).

accordance with the Constitution of West Virginia, rules of procedure, the West Virginia Code, applicable case law precedent[,] and the [administrative orders]" the matter and any related hearings were continued to the May 2020 term of court. The circuit court further ordered that "this matter will return for scheduling purposes upon the lifting of the West Virginia Supreme Court declaration of Judicial Emergency at a date and time to be determined."

After the judicial emergency was lifted, the sentencing hearing was rescheduled for June 4, 2020.[6] At the June 4, 2020 sentencing hearing, the circuit court noted for the record the following appearances: Mr. Byers appeared by video conference from the North Central Regional Jail; Mr. Byers's counsel appeared by video conference, from a different location than Mr. Byers; and the circuit court judge, the assistant prosecuting attorney, and a Wood County adult probation officer were physically present in the courtroom.[7] The circuit court advised Mr. Byers that, upon his request, it would afford him the opportunity to speak with his attorney privately during the hearing by

_____

[6] The record does not indicate how or when the sentencing hearing was rescheduled to June 4, 2020, or whether Mr. Byers was informed prior to the sentencing hearing that he was being compelled to appear through video conference rather than in person.

[7] The circuit court notified the parties that there was another defendant on the video conference who was waiting for the next hearing, which would occur through the same connection. The circuit court equated the other defendant's presence to an individual physically sitting in the back of the courtroom. No parties objected to the other defendant's presence, and his presence is not an issue on appeal.

4

disconnecting all other parties.[8] Mr. Byers, through counsel, objected to appearing by video conference. The following exchange occurred:

> [MR. BYERS'S COUNSEL]: Your Honor, to start off, first I would just like to have noted for the record Mr. Byers's objection to appearing by video. He obviously wanted to appear in person, but as the [c]ourt is aware, because of the pandemic situation, many hearings, including this one, are being done by video. We wanted that noted for the record.
>
> THE COURT: The objection is noted for the record. The [c]ourt believes that under the system that has been made available by the [S]upreme [C]ourt which is the Skype For Business that we are utilizing today, the [c]ourt is affording [Mr. Byers] the ability to speak privately with his [c]ounsel at any time which is needed.
>
> The [c]ourt has had that occur in previous cases and it has worked quite well and I am comfortable proceeding by video conference. So[,] the objection is noted, but overruled.

Without further explanation for its ruling, the circuit court proceeded with the sentencing hearing.

Mr. Byers's counsel was given the opportunity to give a brief statement to the court. Counsel focused on Mr. Byers's "great interest" in a substance abuse program, stemming from his struggles with drug and alcohol abuse over a significant period, which played a part in his prior offenses. In support for his previous motion for alternative sentencing, including probation or home confinement, Mr. Byers's counsel highlighted that

---

[8] The circuit court did not explain any additional logistics regarding the resumption of the hearing should Mr. Byers request a private conversation with his counsel.

Mr. Byers recently had been affected by several events motivating him to remain drug and alcohol free, and emphasized that Mr. Byers would follow any conditions mandated by the court. Mr. Byers also testified on his own behalf and expressed remorse for his actions. He voiced many of the same sentiments as his counsel regarding his drug and alcohol abuse and requested placement at a rehabilitation facility for treatment.

The State informed the court that it objected to probation or any other alternative sentencing. In support of its position, the State argued that Mr. Byers was already receiving leniency because two of the counts for failure to register had been reduced to lesser included offenses. The State also asserted that Mr. Byers had a history of criminal conduct and that his previous probation violations suggested that he would neither comply with probation nor refrain from engaging in additional criminal conduct. The State further requested that the circuit court run each of Mr. Byers's sentences consecutively.

After considering the arguments of both parties, the circuit court sentenced Mr. Byers as follows: for each count of failing to register as a sexual offender, first offense, not less than one nor more than five years of incarceration and for one count of fleeing from an officer, 216 days of incarceration.[9] The circuit court ordered the sentences for one

---

[9] The circuit court also recommended that Mr. Byers be permitted to participate in the Residential Substance Abuse Treatment for State Prisoners program while in the custody of the West Virginia Division of Corrections. However, after being informed by Mr. Byers that he had previously participated in the program and would be unable to do so again, the circuit court rescinded the recommendation.

count of failure to register as a sexual offender and one count of fleeing from an officer to run concurrently with a credit of 216 days. The remainder of the sentences were ordered to run consecutively. On August 14, 2020, the circuit court entered a sentencing order memorializing its decision.[10] This appeal followed.

## II.

## STANDARD OF REVIEW

This Court has previously articulated the general standard of review that applies to our consideration of sentencing orders on appeal: "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Here, Mr. Byers asserts that the circuit court violated his right to be present at his sentencing hearing. Because this issue involves statutory, constitutional, and rules analyses, our review is plenary. *See Phillip Leon M. v. Greenbrier Cnty. Bd. of Educ.*, 199 W. Va. 400, 404, 484 S.E.2d 909, 913 (1996) ("Because interpretations of the West Virginia Constitution, along with interpretations of statutes and rules, are primarily questions of law, we apply a *de novo* review[.]"); Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation

---

[10] An original sentencing order was entered on August 4, 2020. On August 14, 2020, the circuit court entered an amended order to correct errors relating to counts one and two of the information.

7

of a statute, we apply a *de novo* standard of review."). With these governing standards in mind, we will consider the parties' arguments.

## III.

## DISCUSSION

On appeal, Mr. Byers raises two assignments of error: the circuit court committed reversible error by (1) sentencing him over video conference in violation of Rule 43(a) of the West Virginia Rules of Criminal Procedure and West Virginia Code § 62-3-2 and (2) sentencing him over video conference in violation of the Fifth Amendment of the United States Constitution and Article III, Section 10 of the West Virginia Constitution. In addressing these related issues, we will first discuss Mr. Byers's right to be present at sentencing. Next, we will consider whether Mr. Byers's right to be present at sentencing was violated. Finally, we will address whether Mr. Byers waived his right to be present at sentencing and conduct a harmless error analysis.

### A. Mr. Byers's Right to Be Present at Sentencing

We begin our analysis by examining a defendant's right to be present at the sentencing stage of a criminal proceeding. This Court has previously recognized that "[t]he right of a criminal defendant to be present at every critical stage of the proceedings against him or her has a foundation in common, statutory, and constitutional law."[11] *State ex rel.*

---

[11] In Syllabus point 5 of *In re Tax Assessments Against Pocahontas Land Corp.*, 158 W. Va. 229, 210 S.E.2d 641 (1974) we held that "[w]hen it is not necessary in

*Redman v. Hedrick*, 185 W. Va. 709, 713, 408 S.E.2d 659, 663 (1991). *See also State v. Sites*, 241 W. Va. 430, 443, 825 S.E.2d 758, 771 (2019) ("The general right of a criminal defendant to be present during courtroom proceedings is addressed through the interpretation of the state constitution, a Court rule[,] and statute.").

First, we examine a defendant's right to be present pursuant to the West Virginia and United States Constitutions. This Court has previously held that a defendant has the right to be present at all critical stages in a criminal proceeding pursuant to Article III, Section 14 of the West Virginia Constitution.[12] Here, Mr. Byers contends that he has a

---

the decision of a case to determine a constitutional question, this Court will not consider or determine such question." However, we find it necessary to examine the issue utilizing a Constitutional, statutory, and rules-based analysis. In several cases examining a defendant's right to be present, this Court has considered the issue under the Constitution, the statute, and/or the rule. *See generally State v. Coleman*, No. 18-0731, 2020 WL 919301, at *2 (W. Va. Feb. 26, 2020) (memorandum decision); *State v. Brown*, 210 W. Va. 14, 552 S.E.2d 390 (2001) (per curiam); *State v. Hicks*, 198 W. Va. 656, 482 S.E.2d 641 (1996) (per curiam); *but see State v. Sites*, 241 W. Va. 430, 444, 825 S.E.2d 758, 772 (2019) ("In the instant case, the issue of the trial court's response to the seven jury questions may be disposed of on non-constitutional grounds under Rule 43(a).").

[12] This Court generally has addressed the right to be present in the context of the main trial proceeding and in assessing the right to confrontation. *See e.g.*, *Hicks*, 198 W. Va. at 660, 482 S.E.2d at 645 (discussing whether an ex parte conversation between the court clerk and jurors about overheard spectator comments constituted a critical stage); *State v. Boyd*, 160 W. Va. 234, 247, 233 S.E.2d 710, 719 (1977) (concerning a defendant's absence at a hearing in the judge's chambers after an objection was made to the defense attorney's remarks to the jury during closing argument); *State ex rel. Grob v. Blair*, 158 W. Va. 647, 661, 214 S.E.2d 330, 338 (1975) (finding that a defendant's "absence at the *in camera* hearing constituted a denial of his right to confront as [sic] accuser secured to him by Article III, Section 14 of the West Virginia Constitution"). This Court explicitly held in Syllabus point 6 of *Boyd*, in part, 160 W. Va. 234, 233 S.E.2d 710, that a "defendant has a

9

right to be present pursuant to the due process clause under Article III, Section 10 of the West Virginia Constitution[13] and the Fifth Amendment of the United States Constitution.[14] As with Article III, Section 14 of the West Virginia Constitution, we have similarly held that "[d]ue process of law as guaranteed by the State and Federal Constitutions requires that a party be accorded the right to be present in person or by counsel during all trial proceedings."[15] Syl. pt. 2, *Sisler v. Hawkins*, 158 W. Va. 1034, 217 S.E.2d 60 (1975). *See also State v. Allen*, 193 W. Va. 172, 175, 455 S.E.2d 541, 544 (1994) ("[D]ue process of law under the Federal Constitution requires that a defendant be accorded the right to be present in person or by counsel at every stage of his trial." (internal quotations omitted)). Furthermore, in *State v. Crabtree*, 198 W. Va. 620, 629, 482 S.E.2d 605, 614 (1996), we found that "the Fifth and Sixth Amendments to the United States Constitution, establishes [sic] a criminal defendant's right to be present at all critical stages of a trial." In accordance

---

right under Article III, Section 14 of the *West Virginia Constitution* to be present at all critical stages in the criminal proceeding[.]"

[13] West Virginia Constitution Article III, Section 10 provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." *Id.*

[14] In relevant part, the Fifth Amendment of the United States Constitution provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" *Id.*

[15] *Sisler* involved a civil matter where a defendant was denied the right to represent and defend himself. *Sisler v. Hawkins*, 158 W. Va. 1034, 1039, 217 S.E.2d 60, 64 (1975). The defendant was placed in jail for contempt of court and did not take part in the trial of the matter. *Id.* As such, this Court found that "[i]t [was] clear that the appellant . . . ha[d] not been afforded due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 10 of the Constitution of West Virginia." *Id.*

with the preceding authority, we hold that a defendant has a due process right to be present at all critical stages of a criminal proceeding pursuant to Article III, Section 10 of the West Virginia Constitution and the Fifth Amendment of the United States Constitution. We have previously recognized that the imposition of sentence is a critical stage of a criminal proceeding. *See State v. Tex B.S.*, 236 W. Va. 261, 264, 778 S.E.2d 710, 713 (2015) ("A defendant is constitutionally guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome, if his or her presence would contribute to the fairness of the procedure. . . . This includes the right to be present upon the imposition of sentence.").[16]

Next, we consider a defendant's right to be present pursuant to statutory authority. West Virginia Code § 62-3-2 (1923) provides, in relevant part, that "[a] person

---

[16] Federal courts have also recognized that sentencing is a critical stage of a criminal proceeding. *See Paul v. United States*, 734 F.2d 1064, 1067 (5th Cir. 1984) ("Both the Federal Rules of Criminal Procedure, *see* Fed. R. Crim. P. 35 and 42, and the Constitution, *see United States v. Huff*, 512 F.2d 66, 71 (5th Cir. 1975), guarantee the right of the defendant to be present at his sentencing."); *Warrick v. United States*, 551 A.2d 1332, 1334 (D.C. 1988) ("A criminal defendant's right to be present at the time sentence is imposed, and to be heard as to what the punishment shall be, is a fundamental one which implicates the due process clause. *See United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 1484, 84 L.Ed.2d 486 (1985) (*per curiam*); *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 108, 54 S. Ct. 330, 332, 333, 78 L.Ed. 674 (1934)[, *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964)]; *United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir. 1987) (*en banc*)."). *See also State v. Koopmans*, 550 N.W.2d 715, 720 (Wis. Ct. App. 1996), *aff'd*, 563 N.W.2d 528 (Wis. 1997) ("A defendant has a due process right to be present at a sentencing hearing and to be afforded the right of allocution. *State v. Varnell*, 153 Wis.2d 334, 340, 450 N.W.2d 524, 527 (Ct.App.1989).").

indicted for [a] felony shall be personally present during the trial therefor."[17] In Syllabus

point 3 of *Grob*, 158 W. Va. 647, 214 S.E.2d 330, we found that

> [West Virginia Code] 1931, 62-3-2 requires that one accused of a felony shall be present at every stage of the trial during which his interest may be affected; and if anything is done at trial in the accused's absence which may have affected him by possibly prejudicing him, reversible error occurs.

*See also State v. Martin*, 120 W. Va. 229, 230, 197 S.E. 727, 727-28 (1938) ("Under [West

Virginia Code § 62-3-2], which has been in effect since the organization of the state, this

court has consistently held that in felony cases, the accused must be present in his own

proper person from the inception of the trial upon the indictment to the final judgment,

inclusive, when anything is done affecting him, and the record must show his presence.").

Thus, there is a statutory right to be present at a critical stage of a criminal proceeding.

---

[17] As this Court previously noted,

> [t]he statute, which predates Rule 43(a) [of the West Virginia Rules of Criminal Procedure], is not inconsistent with that rule; therefore, we may look to the statute and decisions interpreting it for guidance. See Syl. pt. 5, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999) ("The West Virginia Rules of Criminal Procedure are the paramount authority controlling criminal proceedings before the circuit courts of this jurisdiction; any statutory or common-law procedural rule that conflicts with these Rules is presumptively without force or effect.").

*Sites*, 241 W. Va. 430 at 443 n.22, 825 S.E.2d at 771 n.22.

Finally, the West Virginia Rules of Criminal Procedure explicitly require that a defendant be present and include sentencing as a critical stage. Rule 43(a) of the West Virginia Rules of Criminal Procedure mandates that "[*t*]*he defendant shall be present* at the arraignment, at the time of plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and *at the imposition of sentence*, except as otherwise provided by this rule."[18] *Id.* (emphasis added). *See also State v. Barker*, 176 W. Va. 553,

---

[18] There are certain exceptions to the general rule as set forth in Rule 43(b) and (c) of the West Virginia Rules of Criminal Procedure. *See* W. Va. R. Crim. P. 43(b) and (c). Rule 43 (b) and (c) of the West Virginia Rules of Criminal Procedure provide as follows:

(b) *Continued Presence Not Required.* — The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present:

(1) Is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial); or

(2) After being warned by the court that disruptive conduct will cause his or her removal from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.

(c) *Presence Not Required.* — A defendant need not be present in the following situations:

(1) A corporation may appear by counsel for all purposes.

(2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit

13

556, 346 S.E.2d 344, 347 (1986) (per curiam) ("The right of an accused to be present at every stage of a criminal trial is also protected by W. Va. R. Crim. P. 43."). Based upon the foregoing authority, we now hold that a defendant has a due process right to be present at the imposition of sentence pursuant to Rule 43(a) of the West Virginia Rules of Criminal Procedure, West Virginia Code § 62-3-2 (1923), and both Article III, Section 10 of the West Virginia Constitution and the Fifth Amendment of the United States Constitution. This general rule is limited by the exceptions in Rule 43(b) and (c) of the West Virginia Rules of Criminal Procedure. Having determined that a right to be present at sentencing exists, we must consider whether the right was violated in the present matter.

## B. Violation of Right to Be Present at Sentencing

We now address whether the circuit court's refusal to allow Mr. Byers to appear in person at his sentencing hearing was a violation of Mr. Byers's right to be present. In the case sub judice, Mr. Byers was not completely absent from his sentencing hearing, but was compelled by the circuit court to appear by video conference. Therefore, we are

---

arraignment, plea, trial[,] and imposition of sentence in the defendant's absence.

(3) At a conference or argument upon a technical question of law not depending upon facts within the personal knowledge of the defendant.

(4) At a reduction of sentence under Rule 35.

*Id.* However, no party argues that any of these exceptions apply in this case.

14

asked to determine if appearing by video conference is equivalent to appearing physically in person for the purposes of a defendant's right to be present at the imposition of sentence.

The State has conceded that the circuit court erred in sentencing Mr. Byers via video conference. As a general rule, "[t]his Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred." Syl. pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991). *See also State v. Allah Jamaal W.*, 209 W. Va. 1, 4 n.6, 543 S.E.2d 282, 285 n.6 (2000) ("Mere confession of error by the State, of course, does not dictate the hand of this Court nor the outcome of this case." (internal quotations and citations omitted)). In other words, "confessions of error do not automatically entitle a party to a reversal[;] reversal is required when it can be ascertained that the errors confessed are supported by law." *State v. Berrill*, 196 W. Va. 578, 587, 474 S.E.2d 508, 517 (1996) (internal quotations and citations omitted).

Because this is a question that has not been previously addressed by this Court, we consider case law from other jurisdictions addressing the question of whether video conferencing equates to presence in the context of a sentencing hearing.[19] The United

---

[19] Rule 43(a) of the West Virginia Rules of Criminal Procedure is substantially similar to and patterned after Rule 43(a) of the Federal Rules of Civil Procedure. *See Sites*, 241 W. Va. at 444, 825 S.E.2d at 772. This Court often looks to federal court decisions for guidance when applying or construing a rule of this Court that is patterned after a federal rule. *See State v. Hedrick*, 204 W. Va. 547, 554, 514 S.E.2d 397, 404 (1999) ("Consequently, because the relevant provisions of W. Va. R. Crim. P. 46 are

States Court of Appeals for the Sixth Circuit examined a similar issue in *United States v. Williams*, 641 F.3d 758 (6th Cir. 2011). In *Williams*, the court first acknowledged a defendant's right to be present at sentencing. 641 F.3d at 764. The *Williams* Court then observed that

> [t]hree different courts of appeal have addressed whether electronic "presence" by video conference at sentencing satisfies the requirements of Rule 43(a), and all have concluded that it does not. *See United States v. Torres–Palma*, 290 F.3d 1244, 1248 (10th Cir. 2002); *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001); *United States v. Navarro*, 169 F.3d 228, 239 (5th Cir. 1999). Consistent with the results reached by our sister circuits, we agree that a district court may not conduct a sentencing hearing by video conference.

641 F.3d at 764. The court reasoned that "Rule 43 requires that the defendant be present, which simply cannot be satisfied by anything less than physical presence in the courtroom." *Id.* Furthermore, the *Williams* Court explained that

substantially the same as Rule 46 of the Federal Rules, we look to the federal courts for guidance."). We further note that while the majority of the decisions of federal courts we examine herein dispose of the issue pursuant to the Federal Rules of Criminal Procedure, "[t]he rights protected by Rule 43 include the defendant's constitutional . . . Due Process rights, and the common law right to be present." *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999). *See also United States v. Gregorio*, 497 F.2d 1253, 1259-60 (4th Cir. 1974)[, *overruled on other grounds by United States v. Rhodes*, 32 F.3d 867, 873 (4th Cir. 1994)] ("Our analysis of the policies behind Rule 43's right of presence is fully applicable to defendant's due process claim. Indeed, we note one distinguished commentator's statement that Rule 43 implements the sixth amendment right of confrontation and embodies the common-law privilege of presence as well as the due process right of the accused to be present." (internal quotations and citation and footnote omitted)); *United States v. Rolle*, 204 F.3d 133, 137 (4th Cir. 2000) ("Rule 43 has traditionally been understood to codify both a defendant's constitutional right and his common law right to presence. Accordingly, its protective scope is broader than the constitutional right alone." (internal quotations and citations omitted)). Consequently, under the circumstances of the present matter, we will consider federal court decisions interpreting federal Rule 43.

> [b]eing physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference. As written, [Rule 43] reflects a firm judgment in favor of physical presence and does not permit the use of video conferencing as a substitute.

641 F.3d at 764-65. *See also United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) (stating that federal Rule 43 reflects the policy that "virtual reality is rarely a substitute for actual presence and that, even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it"); *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999) (finding that presence meant physical presence and not "within sight and call"); *United States v. Fagan*, 464 F. Supp. 3d 427, 430 (D. Me. 2020) (footnotes omitted) ("From thirty years of federal sentencing, I can attest to the importance of seeing the defendant in the same room at sentencing. Physical presence makes unavoidable the recognition that—in sentencing—one human being sits in judgment of another, with a dramatic impact on the future of a living, breathing person, not just a face on a screen.").[20]

Based upon these federal authorities and the similarities between our Rule 43 and its federal counterpart, we hold that upon a defendant's timely objection, compelling

---

[20] At least one other state court has also found that appearance by video conference violates a defendant's right to be present at sentencing. In *People v. Heller*, 891 N.W.2d 541 (Mich. Ct. App. 2016), the court explained that "sentencing is a critical stage of a criminal proceeding at which a defendant has a constitutional right to be present, *People v. Mallory*, 421 Mich. 229, 247, 365 N.W.2d 673 (1984), and virtual appearance is not a suitable substitute for physical presence." 891 N.W.2d at 543.

17

a defendant to appear by video conference, rather than in person, at the imposition of sentence violates that defendant's right to be present at a critical stage of the criminal proceedings. In this case, there is no dispute that the circuit court required Mr. Byers to appear at his sentencing hearing by video conference. Consequently, Mr. Byers's right to be present at the imposition of his sentence was violated. We must next examine whether Mr. Byers waived his right to be present at the imposition of his sentence, and if not, whether the violation was harmless.

### C. Waiver and Harmless Error Analysis

This Court's conclusion that Mr. Byers's right to be present at his sentencing hearing was violated is not the end of our analysis. First, the right to be present at a critical stage of a criminal proceeding is not absolute; it may be waived. This Court has held that "an accused, by declaration and conduct, may waive a fundamental right protected by the Constitution [such as the common-law/statutory right of presence] if it is demonstrated that such waiver was made knowingly and intelligently." Syl. pt. 7, in part, *Grob*, 158 W. Va. 647, 214 S.E.2d 330. *See also State v. Stone*, 200 W. Va. 125, 130, 488 S.E.2d 400, 405 (1997) (per curiam) ("Because the record shows that Mr. Stone orally waived his right to be present when the sentence order was entered, we find no merit in this assignment of error."); *State v. Hicks*, 198 W. Va. 656, 663, 482 S.E.2d 641, 648 (1996)("[W]aiver must be knowingly and intelligently made and the fact that it was so made must be conclusively demonstrated on the record.").

18

In the present matter, Mr. Byers, through counsel, timely and explicitly objected to being compelled to appear by video conference for his sentencing hearing. Thus, the record is clear that Mr. Byers did not waive his right to be present at a critical stage of his proceedings. *See State v. Eden*, 163 W. Va. 370, 378, 256 S.E.2d 868, 873 (1979) ("The record here discloses no evidence that indicates the petitioner's knowing and intelligent waiver of his right to be present at trial.").

Second, because Mr. Byers did not waive his right to be present at sentencing, we must determine whether the violation of Mr. Byers's right was harmless. We have consistently found that a violation of the requirement that a defendant be present at all critical stages of the criminal proceeding is subject to the harmless error analysis.[21] *See e.g.*, Syl. pt. 6, *Boyd*, 160 W. Va. 234, 233 S.E.2d 710 ("The defendant has a right under Article III, Section 14 of the *West Virginia Constitution* to be present at all critical stages in the criminal proceeding; and when he is not, the State is required to prove beyond a reasonable doubt that what transpired in his absence was harmless."). While *Boyd*

___

[21] On appeal, Mr. Byers asks this Court to adopt a per se error rule regarding a violation of a defendant's right to be present at the imposition of sentence. For the reasons set forth herein, we decline to adopt that standard.

Furthermore, both parties' respective briefings before this Court cite to numerous federal cases that use a harmless error analysis and require that the government "demonstrate to the [c]ourt *with certainty* that the error at sentencing did not cause the defendant to receive a more severe sentence." *United States v. Williams*, 641 F.3d 758, 765 (6th Cir. 2011) (internal quotations and citations omitted). As explained herein, this Court consistently utilizes a beyond a reasonable doubt harmless error standard to assess violations of constitutional rights. Accordingly, we decline to adopt the federal "with certainty" standard for assessing whether an error was harmless.

specifically held that a violation of Article III, Section 14 of the West Virginia Constitution is subject to the harmless error analysis, we have applied the same standard to the violation of Constitutional rights in general. *See* Syl. pt. 5, *Grob*, 158 W. Va. 647, 214 S.E.2d 330 ("Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt."). Accordingly, we now hold that when there has been a violation of a defendant's due process right to be present at sentencing pursuant to Article III, Section 10 of the West Virginia Constitution, such violation is reversible error unless the State can prove beyond a reasonable doubt that the violation was harmless.

In conducting a harmless error analysis, the inquiry is fact specific. *See State v. Blake*, 197 W. Va. 700, 709, 478 S.E.2d 550, 559 (1996) ("Assessments of harmless error are necessarily content-specific."); *State v. Guthrie*, 194 W. Va. 657, 677, 461 S.E.2d 163, 183 (1995) ("We look at each of the defendant's contentions separately because our review for harmless error is fact specific."); *McDougal v. McCammon*, 193 W. Va. 229, 239, 455 S.E.2d 788, 798 (1995) ("The outcome of the harmless error analysis is fact specific."). Consequently, we examine the specific circumstances in this matter to determine whether the violation was harmless beyond a reasonable doubt.

Under the facts of this case, we find that the State has failed to meet its burden to establish beyond a reasonable doubt that Mr. Byers would not have received a lower sentence had he been physically present at the sentencing hearing. The Supreme Court of

20

Kentucky has recently considered a similar issue. In *Gibson v. Commonwealth of Kentucky*, No. 2020-SC-0250-MR, 2021 WL 3828558 (Ky. Aug. 26, 2021), the defendant appealed a decision denying his motion to withdraw his guilty plea. *Id.* at *1. In particular, the defendant contended that by "conducting his sentencing hearing remotely [the lower court] violated his constitutional rights[.]" *Id.* Similar to the present matter, the defendant pleaded guilty pursuant to a plea agreement and was set to be sentenced in May of 2020. *Id.* However, "March 2020 brought the first wave of the COVID-19 pandemic to the Commonwealth, slowing and even closing essential government functions in Kentucky." *Id.* Because there was a judicial state of emergency administrative order in effect during the time the defendant was to be sentenced, the lower court held the sentencing hearing remotely. *Id.*

The *Gibson* Court noted that there were constitutional and rules-based implications of a defendant's right to be present at all critical stages of a criminal proceeding. *Id.* at *3. The court also noted that constitutional error is subject to a harmless error analysis. *Id.* The *Gibson* Court then examined the circumstances present and found that "at the time of [the defendant's] sentencing on May 4, 2020, the Commonwealth of Kentucky was responding to the first wave of the COVID-19 pandemic." *Id.* at *4. Specifically, because of COVID-19, the Supreme Court of Kentucky had issued Administrative Order 2020-22 on April 14, 2020 which specified that "[a]ll participants to a proceeding, including parties and attorneys, must be allowed to participate remotely. Judges must use available telephonic and video technology to conduct all hearings, unless

21

the parties are unable to participate remotely." *Id.* (internal quotations and citations omitted). Moreover, the court noted that the defendant's sentencing hearing by video conference (1) allowed all participants to see and hear one another; (2) the defendant's family was able to testify on his behalf; and (3) the trial judge was able to hear from the deceased victim's family. *Id.* Furthermore, the defendant "was not at a greater disadvantage than anyone else involved in the hearing" because all parties participated remotely and "every member had the same difficulties observing each other's demeanor and gaining the kind of information only available with face-to-face confrontations." *Id.* Under these facts the *Gibson* Court found that reversal was not necessary. *Id.*

In the present matter, though, the circumstances are distinguishable from *Gibson*. First, while there is no doubt that when the circuit court held Mr. Byers's sentencing hearing on June 4, 2020, the State of West Virginia was still in the midst of the COVID-19 pandemic, this Court did not have a judicial emergency administrative order in place at that time.[22] Importantly, the circuit court had previously continued the sentencing

---

[22] Upon the record before us, there is also no indication that there was a local Wood County judicial emergency order in place at the time of Mr. Byers's sentencing hearing. We note that this Court had issued a resumption of operations administrative order that was in place at that time, which set forth the guidelines and protocols for the resumption of court operations after the judicial emergency was lifted. In the administrative order we stated that "in consultation with local and state public health officials, [we had] evaluated the continued need for a judicial emergency in light of ongoing COVID-19 mitigation efforts, and determined that certain court business may resume upon the expiration of the judicial emergency[.]" Supreme Court of Appeals of West Virginia, Administrative Order, *Resumption of Operations* (May 6, 2020). We further directed that

22

hearing because of the judicial emergency and concluded that it would schedule the sentencing hearing *only after the judicial emergency order had been lifted*. Additionally, once Mr. Byers raised his objection during the hearing, the circuit court gave no indication that it was compelling Mr. Byers's remote appearance because of concerns arising from the COVID-19 global pandemic. Rather, the circuit court noted that it trusted "the [video conferencing] system that ha[d] been made available by the [S]upreme [C]ourt" and that it believed in using the system, "the [c]ourt [was] affording [Mr. Byers] the ability to speak privately with his [c]ounsel at any time which is needed." Indeed, the fact that the video conference system worked well was the only reason given by the circuit court when depriving Mr. Byers of his right to be present at sentencing. Also, we find it significant that unlike the *Gibson* case, Mr. Byers and his counsel were the only individuals who appeared by video conference. The circuit court judge, the assistant prosecuting attorney, and a

---

> *to the extent they do not impermissibly infringe upon the constitutional rights of a party or litigant*, any West Virginia state or local rules, including but not limited to criminal rules, civil rules, or administrative rules, that limit or preclude a judicial officer or court clerk's ability to utilize remote, telephonic[,] or video technology to limit in-person contact are suspended. Such suspension shall survive the expiration of the judicial emergency, and will remain in effect until otherwise ordered.

*Id.* (emphasis added). The attached protocols indicated that "[h]earings involving incarcerated individuals *should* still utilize video conferencing to reduce the risk of a COVID-19 outbreak in a regional jail or corrections facility." *Id.* (emphasis added). However, "[t]he word 'should,' in most contexts, is precatory, not mandatory." *United States v. Rogers*, 14 F. App'x 303, 305 (6th Cir. 2001) (citation omitted). Additionally, there is simply no indication in the record that the circuit court was relying on this language when it compelled Mr. Byers to appear by video conference over his objection.

23

Wood County adult probation officer were physically present in the courtroom. Further, Mr. Byers and his counsel were in separate locations.

The circuit court did not accept Mr. Byers's request for alternative sentencing and ran all but one of Mr. Byers's sentences consecutively.[23] The State simply asserts that "[t]he circuit court would not have been swayed by [Mr. Byers's] physical presence at sentencing in light of the undisputed fact that [he] had undergone substance abuse treatment in the past that was unsuccessful." Other than this blanket statement and noting that the circuit court ran two of the four sentences concurrent to each other, as well as giving time served on the one count of fleeing from an officer, the State fails to cite to any evidence in the record indicating that the circuit court would not have given a more lenient sentence had Mr. Byers been physically present. Without any specific argument from the State based on the unique facts of this case, we are left to simply speculate as to the sentence Mr. Byers might have received had he been physically present. Under these circumstances, we must conclude that the State has failed to demonstrate beyond a reasonable doubt that the error here was harmless.[24] Therefore, Mr. Byers's right to be present at the imposition of his

---

[23] Whether Mr. Byers's sentence is appropriate is not an issue on appeal before this Court. We leave the ultimate sentencing determination to the sound discretion of the circuit court to be imposed in accordance with the principles set forth in this opinion.

[24] As we have found that Mr. Byers's constitutional right to be present was violated, the State was required to show beyond a reasonable doubt that any error was harmless. We also have recognized that

> the standard of review in determining whether an error is
> harmless depends on whether the error was constitutional or

sentence was violated, and, under the specific facts of the matter before us, this violation was not harmless. Consequently, we vacate Mr. Byers's sentence and remand for resentencing.

## IV.

## CONCLUSION

For the reasons set forth above, this Court vacates the August 14, 2020 order sentencing Mr. Byers and remands this matter to the Circuit Court of Wood County for a new sentencing hearing in accordance with the principles set forth herein.[25]

Vacated and Remanded with Instructions.

---

> nonconstitutional. . . . As to error not involving the erroneous admission of evidence, we have held that nonconstitutional error is harmless when it is highly probable the error did not contribute to the judgment.

*State v. Guthrie*, 194 W. Va. 657, 684, 461 S.E.2d 163, 190 (1995). We find that even under this lower standard for a nonconstitutional error, under the circumstances of this matter, the error was not harmless.

[25] Upon review of the circuit court's sentencing order of August 14, 2020, we believe there to be a typographical error indicating that Mr. Byers was convicted of two counts of failure to appear pursuant to the indictment rather than two counts of failure to register as a sexual offender pursuant to the indictment. As such, on remand we direct the circuit court also to correct this typographical error in its new sentencing order.

25